### TUCKER *v.* BURDITT and others.

*(Circuit Court, D. Massachusetts.* February 2, 1880.)

1. RE-ISSUED PATENTS NOS. 2,355 AND 2,356, for an improved process in bronzing or coloring iron, and for the iron thus colored, *held,* upon motion for an attachment, not infringed by the defendants in this case.—[ED.

In Equity. Motion for an Attachment.

*C. M. Reed,* for complainant.

*C. E. Mitchell,* for defendants.

LOWELL, C. J. The inventions of the plaintiff, contained in the re-issued patents No. 2,355 and No. 2,356, for an improved process in bronzing or coloring iron, and for the iron thus colored, have been sustained by the courts; and in this case a preliminary injunction has been issued and served on the defendants. The process consists of cleaning a piece of cast-iron of the desired pattern from the sand and scale which adhere to it when it comes from the mould, and then coating it with a very thin film of oil, and subjecting it to a high degree of heat, one or more times, whereby various colors may be produced upon the surface of the iron, and rendered permanent, which, before this invention, were not produced in cast-iron, or, if approximated, were not permanent. A film of varnish containing oil may be used instead of oil, and may infringe the patent; and so if the iron is first heated, and then varnished and heated again, the process may be infringed. The theory of the patentee and his experts is that the operation or effect of the process is not merely to produce and fix the well-known colors which heat causes iron to assume, with the modification produced by a varnish hardened by

heat, but that the oil or varnish itself is modified and oxidized harmoniously with the iron, and thus a better effect is produced than can result from varnishing colored iron. The patent might possibly be construed to include the process last mentioned—that is, a coloring of the iron, and fixing the color by baking the varnish; but there was evidence in the leading case, before Mr. Justice Clifford, that a varnish, though not an oil varnish, had been baked upon steel pens, and that a somewhat similar mode of preserving the color of scythes had been used before the plaintiff made his invention. It is under these circumstances that the plaintiff has given the construction above referred to, and has not, as yet, claimed that his combination is used unless both the iron and the varnish are oxidized by the heat. The plaintiff moves for an attachment against the defendants for selling certain butts for hinges, and certain handles for doors and drawers. The articles appear to have been made by P. & F. Corbin, who are under injunction at the plaintiff's suit in the district of Connecticut. The defence maintain that the articles were carefully and scrupulously made in such a mode as not to infringe the patents. There is no doubt that these articles are made and sold in imitation of the plaintiff's bronze, though much inferior to it; but the question is whether the manufacturers have succeeded in avoiding the patent. As to the butts, they insist that they were made by first coloring the iron by heat, then putting on a transparent coach varnish, and hardening it by heat, but not so great a heat as will oxidize the varnish. As to the handles, the defence is that the bronze color comes from the varnish alone, which is not a transparent varnish, but one containing pigments which assume this color at a less heat than will oxidize the iron beneath. This process, if it be the one employed, is admitted in the patent to be old.

I have read the affidavits with great care, and upon them I am of opinion that it is not proved that the plaintiff's process is employed in the articles now complained of. If I am mistaken, as it is by no means improbable that I may be, upon *ex parte* evidence, the final decrees in the circuit court

for the district of Connecticut, and in this court, where the same questions are pending in a way better calculated to elicit the exact truth, will set the matter right; but, taking the evidence as I find it, including such inspection as one who is not an expert can give to the articles themselves, I do not feel at liberty to say that there has been a breach of the injunction.

Motion denied.