CARTER v. CITY OF DURANGO.

1. REMOVAL OF MUNICIPAL OFFICER — WHEN DISCRETIONARY. —When the tenure of a municipal office is at the pleasure of the appointing body, the power to remove is discretionary and may be exercised without notice or hearing.

2. POWERS OF CITY COUNCIL CONCERNING REMOVALS FROM OFFICE.—
The city council is primarily a legislative and administrative body,
but it may now be clothed with at least *quasi*-judicial authority in
connection with removals from municipal offices.

3. MANNER OF REMOVAL — DISTINCTION BETWEEN OFFICES.— A dis-
tinction in regard to the manner of removals exists between those
offices which are of the essence of the corporation and those which
are not. A removal from an office (that of alderman, for instance)
which is of the essence of the corporation can only take place for
cause, and must be upon notice and investigation, with opportunity
to be heard.

4. DISCRETION OF COUNCIL IN ABSENCE OF DECEPTION OR FRAUD.—The
motives actuating councilmen in connection with removals are not
ordinarily subject to judicial inquiry. And in the absence of decep-
tion or fraud, courts decline to interfere with the declaration of dis-
cretionary municipal pleasure by the council.

5. STATUTORY POWERS NOT AFFECTED BY ORDINANCES OR BY-LAWS.—
It is not within the power of a municipal corporation by ordinance
or by-law either to extend or restrict the authority conferred upon
the council by statute.

## Certiorari: Rule to Show Cause.

Mr. O. S. GALBREATH and Mr. WILLIAM E. BECK, for pe-
titioner.

Messrs. RUSSELL & McCLOSKEY and Messrs. WILSON &
McCLOSKEY, for respondents.

CHIEF JUSTICE HELM delivered the opinion of the court.

Carter was duly elected, by the city council, police mag-
istrate of the city of Durango. While engaged in the dis-
charge of his duties, the council, by resolution, removed
him and appointed a successor. The present proceeding is
brought to quash or annul the action of the council in the
premises upon the ground that such action was without
jurisdiction.

Under the statute existing at the time of the proceedings
recited in the record, the police judge or magistrate, whose
appointment was optional with and made by the city coun-
cil, held his office during the "pleasure" of that body.

Mills' Ann. Stats., sec. 4504. When the tenure of a munic-. ipal office is at the pleasure of the appointing body, the power to remove is discretionary and "may be exercised without notice or hearing." 1 Dillon, Mun. Corp. (3d ed.), sec. 250.

Counsel for petitioner ably and ingeniously argue that the statutory provision above mentioned subjecting the police magistrate's incumbency to the "pleasure" of the council does not correctly indicate the intention of the legislature; that it was adopted by inadvertence or mistake while attempting to amend otherwise the section in which it occurs. Some of the reasons advanced are plausible and may be sustained by the rules of construction relied on. But without specifically considering either the reasons or rules in question, it is sufficient for us to say that more controlling and at least equally pertinent principles of statutory interpretation forbid our acceptance of counsel's theory. The provision must be regarded as in full force and binding upon the judiciary.

The city council is primarily a legislative and administrative body. Its powers and duties are not essentially judicial. In *People ex rel. v. District Court*, 6 Colo. 534, a doubt was expressed as to whether under the constitution the council could be invested with judicial authority. We there held in effect that an investigation of charges preferred against the city solicitor with a view solely to removal from office was not a judicial proceeding. We are now inclined to say that while the action in question was not an exercise of ordinary judicial power, it might have been termed *quasi*-judicial. Moreover, since that opinion was written, the limitation upon legislative discretion in regard to the lodgment of judicial power has been modified by constitutional amendment. Mills' Const. Annotations, sec. 373. And whatever foundation for doubt may have formerly existed, there is no question but that the city council may now be clothed with at least *quasi*-judicial authority in connection with removals from municipal offices.

But it does not follow that the possession or exercise of judicial power is a prerequisite to all such removals. A broad distinction in this regard is recognized by the authorities, between those offices which are of the essence of the corporation and those which are not. For instance, an alderman can only be removed upon notice and investigation with opportunity to be heard in his defense (*Board v. Darrow*, 13 Colo. 460 and citations); while an officer whose appointment is optional with and made by the council and who holds at its pleasure, may, as we have seen, be summarily removed without notice or hearing. In the former case, a *cause* for amotion must exist, and the proceeding possessing many of the features of judicial action is properly characterized as *quasi*-judicial; in the latter case, there need be no cause for removal save the arbitrary will of the council, and the expression of that will is destitute of judicial characteristics.

When, as in the case at bar, the tenure of office is during the pleasure of the council, the subject of amotion is almost entirely within the discretion and control of that body. The motives actuating councilmen in the premises are not ordinarily subject to judicial inquiry. And universally, we believe, in the absence of deception or fraud, courts decline to interfere with the declaration of discretionary municipal pleasure by the council. *Hudson v. Denver*, 12 Colo. 157.

The fact that an ordinance had been adopted by the municipal authorities of Durango providing for the preferment of charges and a hearing upon notice preliminary to removals from office, does not alter the result to which the foregoing conclusions would lead. The council were not bound to supply any specific procedure for the removal of police magistrates. The ordinance in question is general, relating to a number of offices, in some of which removals are not discretionary with that body. It reads. "Any officer named above may be removed by a majority of the city

council for incompetency or dereliction or violation of duty whenever the council think the interests of said city require such removal. *Provided*, that no officer shall be removed as aforesaid until he shall have notice of such intent of removal and the charge or charges preferred against him served on him by the city clerk, and an opportunity to exculpate himself before the city council. * * * "

We cannot assume that in adopting this ordinance the councilmen intended to curtail their statutory power of removing at pleasure, and limit themselves to removals for the specified causes alone. Besides, it is extremely doubtful if such intent, had it existed, could be thus given any force or effect. For it is not within the power of a municipal corporation by ordinance or by-law either to extend or restrict the authority conferred by statute. 1 Dillon, Mun. Corp., sec. 317.

It will be observed that the procedure specified in the ordinance above mentioned is limited to removals for " incompetency " or " dereliction or violation of duty." We are not apprised by the record that Carter was removed upon either of these grounds. The sole action through which his removal was ultimately accomplished was the following:

" Resolved, that it is no longer the pleasure of the city council of the city of Durango that Robert Carter act in the capacity of police magistrate of said city of Durango.

" Wherefore be it resolved, that the said Robert Carter be and he is hereby removed from the said office of police magistrate."

We might, perhaps, with the learned judge before whom this precise question was first raised, declare that the ordinance cannot be permitted under any circumstances to control the manner of expressing the " pleasure " vested by statute in the city council. But it is sufficient for us to say that the removal may have been upon grounds not mentioned in the ordinance, and if such were the case the ques-

tion of duty or obligation to follow the prescribed procedure does not fairly arise.

The rule to show cause must be discharged.

*Rule discharged.*