Wilson, J.
This was a proceeding in mandamus instituted against the board of trustees of the town of Gillett, to compel the restoration of relator Keith to the office of mayor of the town, from which he claimed to have been unlawfully and wrongfully ousted by the respondent. An alternative writ was issued, to which respondent made answer, admitting the election of the relator to the office, his occupancy thereof for several months; but alleging that charges had been preferred against him, and after due trial before the board of trustees, he had been found guilty and removed from office. The charges were as follows:
“ That the said O. W. Keith is guilty of conduct unbecoming an officer in the following instances:
“1. That on or about the 18th day of April, 1897, he refused to recognize on said board of trustees, E. D. Sloan and John Yearnan, duly qualified members of said board of trustees, and permitted E. D. Brundage and Frank Harper, who were not members of said board of trustees, to sit on said board, and to vote upon questions submitted to said board aforesaid.
“ 2. That O. W. Keith on or about the 4th day of May, 1897, declared a certain vote a tie, when the vote of the board stood two to three, and usurped his authority by casting a vote with the majority, and declaring the question carried.
“ 4. That the said 0. W. Keith violated the provisions of the election law of the state of Colorado by placing money in the hands of W. L. Cotton, and also in the hands of S. B. Harding to bet upon Ms election while he was a candidate for the said office of mayor; and that said money is still in the hands of said stakeholders.
“5. That the said O. W. Keith neglected, refused and failed to file the statement of bis election expenses- with the town clerk and recorder within thirty days from the day of his election as required by law, and for which neglect the elec *556 tion law says lie shall be deemed guilty of a misdemeanor, and shall also forfeit his office.”
There was a third charge, but it was not urged and was withdrawn. Upon final hearing, the relator offered in evidence, by consent of parties, the record of proceedings of the board of trustees at the various alleged meetings when the charges had been preferred and considered, and when the removal had been ordered, and a successor elected. Respondent offered no evidence. After argument, the court awarded a peremptory writ directing the restoration of the relator to his office. The respondent brings the case here on error for review.
The first question raised is as to the sufficiency of the alternative writ. It is urged that the writ fails to state a cause of action. It is settled in this state that an alternative writ performs the office of'a complaint in an ordinary civil action, and that it must state a cause of action, and, in case of failure to do so, it will not support a judgment. Wheeler v. Irrigating Co., 17 Colo. 488.
The writ hi this instance was not attacked by demurrer, but it is equally well settled that without this the question of the sufficiency of the writ to state a cause of action may be raised and considered on appeal or error. Nance v. The People, 25 Colo. 252.
The objection of respondent, however, is in our judgment not well taken. The writ states a cause of action. It sets forth the election and qualification of the relator, his entry upon the duties of his office, and his continuing to exercise the functions and perform the duties thereof from April 9, 1897, to June 1, 1897, at which time it sets forth that the respondent illegally, wrongfully and without warrant of law, pretended to remove and oust him from his office, and has ever since unlawfully, wrongfully and against his rights and privileges, etc., refused and still refuses to recognize him as mayor, or permit him to perform the functions and duties of his office, notwithstanding he has been at all times willing and qualified so to do. All that he could allege was the *557 unlawful removal and refusal to acknowledge him. It was not incumbent upon him in the petition, nor was it necessary-in the writ to set forth why and wherefore the board of trustees attempted to remove him. These were purely matters of defense, and it was for respondent to set them forth in its answer or return to the writ as it did.
Moreover, it is held that the rules of pleading in civil actions prescribed by the code are applicable to proceedings in mandamus, except in cases where a different or special rule is provided by the code or statute. The People v. Lothrop, 3 Colo. 429; Nance v. The People, supra.
If there was any defect, therefore, in the writ in this respect, it was aided and the defect supplied, by the allegations of the answer. We are cited by counsel to section 546, High’s Extraordinary Legal Kemedies, wherein it is claimed the rule is laid down that the sufficiency of a writ is to be determined solely from its own contents, and any defects which, may be apparent therein cannot be supplied by the return. Without stopping to discuss the question as to wherein this rule is qualified or relaxed by reason of the provisions of our code, it is sufficient to say that under the decisions of our supreme court, two of which we have cited above, the rule referred to does not prevail in this jurisdiction.
Upon the filing of the answer or return to the writ, the relator replied. This was attacked for insufficiency, and thereupon an amended reply was filed by leave of the court. In this the relator denied that he was summoned to appear before the board of trustees to answer the pretended charges, admitted that a special meeting of the board was pretended to be held on the day alleged, but denied that said meeting had been duly or regularly called; denied that he appeared in person; denied that at a subsequent meeting of the board, when final action was alleged to have been taken upon the charges, that he appeared in person or by his attorney; denied that after hearing the evidence, or any evidence, the board found that each, or any, of the pretended charges were sustained, or that the office of mayor was declared vacant; *558 denied that any vacancy did exist in the office of mayor. Respondent insists that by filing a reply, the relator admitted the legal sufficiency of the return as a complete answer to the alternative writ, and that hence it was entitled to judgment on the pleadings, a motion to which effect was made, but overruled. Respondent further contends that the reply did not put in issue any of the material facts alleged in the return. To this contention we cannot agree, although in the view which we take of the case, it is not necessary to enter into a discussion as to what constituted the material facts alleged in the return, and what were denied by the reply. We will only say that the effort of counsel to sustain his position by extended reference to the first reply filed, cannot avail them. The amended reply, filed by leave of the court, became substituted for the original, and its statements alone could be considered in a determination of this question upon the pleadings.
We prefer to direct our attention to the broad ground assumed by counsel, that by failing to demur to the answer, and by pleading to the return, the relator admitted that the facts which it presented constituted upon their face a sufficient answer to the alternative writ, and that in this instance respondent was entitled to judgment thereon. Whatever may be the rule as to the method of pleading, we do not think that upon reason, principle or authority it can go to the extent of absolutely binding the court, and precluding it from rendering judgment in favor of the relator, where it appears that the matters set up in the answer or return furnish no legal justification for the acts of respondent. A rule of this kind would lead to incalculable mischief and confusion. If the relator failed to attack the sufficiency of the answer, and elected to reply to some of its allegations, the truth of which might be questionable, this act of itself would fix and determine the judgment of the court. The court itself, upon this theory, would be absolutely precluded from rendering a judgment in favor of relator, although it might appear that the allegations of the answer showed upon their face that the *559 respondent was guilty of an unwarranted usurpation of power and authority, and that its acts were without any authority or justification in law. Such a result would be contrary to every rule and principle of reason and law. As we have before said, however, the rules of pleading in civil actions prevail in mandamus in this jurisdiction, except where it is otherwise specially provided. There is no special provision sustaining the contention of respondent, and the ordinary rules of pleading in civil actions do not. Therefore it is conclusive to our minds that the rule contended for does not prevail here, however it may have existed under the old form of procedure, and. in that of other jurisdictions where different code and statutory laws prevail. We think the true rule is, under our procedure, that the return or answer to the writ of mandamus must show a full and complete legal defense to the acts complained of, where the writ or complaint is sufficient, before the trial court can be precluded from rendering judgment in favor of the relator, if such judgment be proper in the premises upon the facts disclosed, even though a reply should be filed.
This brings us to a consideration of the effect and sufficiency of the charges preferred against the relator, and for which he was removed.
It is provided by statute that the mayor, the recorder, or any member of the board of trustees in an incorporated town, or any officer of the corporation, may be removed from office by a concurrent vote of four members of the board. General Statutes, sec. 3390.
It is nowhere provided for what cause a removal may be made. Under our theory of government, where the voice of the people is the supreme law, and where that voice, expressed through the qualified electors of the state, county, city or town, controls, it needs no argument to show that the holder of an elective office, duly elected by the people, where the statute is silent as in this instance as to the causes of a removal, should not be removed except for official misconduct, such misconduct as affects the performance of his duties as *560 an officer, and for offenses against the corporation of a character directly affecting its rights and interests. This conclusion is we think clearly sustainable on constitutional grounds. Section 1, article 12, of the constitution recognizes the mayor of a municipal corporation as an officer who is entitled “ unless removed according to law, to exercise the duties of his office until his successor is duly qualified.” Londoner v. People, 15 Colo. 568.
Section 3, article 13, provides that officers not subject to impeachment (and'municipal officers are not included among such by the terms of the preceding section) shall be subject to removal for misconduct or malfeasance in office in such manner as may be provided by law. Whether this language is exclusive and would preclude a legislative enactment specifying other grounds of removal does not arise in tins case. The statute does not enumerate other causes of removal, nor in fact any. Clearly, therefore, it would seem that the only grounds of removal of a duly elected and qualified mayor would be those specified in the constitution. Such an officer being neither elected nor appointed by the board of trustees, it would have no inherent power to remove him. It could have in this respect such power only as granted to it by law, statute or constitution. These views accord in principle at least with those announced by our supreme court. In re Speakership, 15 Colo. 520; Trimble v. People, 19 Colo. 187.
Surely the contention cannot be supported by either law or reason that the lawfully elected incumbent of a municipal office provided for by statute, elected by the voters of the town, can be removed by the board of trustees at its arbitrary will and pleasure. If so, the election by the people might as well be dispensed with as a useless procedure, and the board be invested with supreme authority.
There were no findings by the court in this instance, and we are therefore left in the dark as to what grounds the court relied upon in granting the peremptory writ. Tested, however, by what we have just said as to causes to justify removal, none of the charges preferred in this instance were *561 sufficient. As to the matters set forth in the first and second specifications, they were within the exclusive control of the respondent, whatever may have been the ruling of the mayor in reference thereto. The board of trustees is exclusively the judge of the qualifications of its own members, and the ruling of the mayor in reference thereto could not affect the situation. An appeal would also lie from any ruling or decision of the mayor; and by the way, it does not appear that this action was had in this instance. The clerk and the records were under the exclusive control of the board, and it had at all times power to see that its action was properly entered up in the minutes, regardless of any ruling of the presiding officer. If these charges were sufficient, even if fully proved, to sustain the amotion of the mayor, then such action could be had upon an exceedingly flimsy pretext. Instead of a question of law being involved, it would be a question of parliamentary procedure, about which there might be a wide divergence of opinion, and concerning which the statutes provide no rules for its determination.
The fourth specification is an attempt to bring the charge within the provisions of section 3 of the corrupt practices act. Laws, 1891, p. 168. This declares it to be unlawful, among other things, for any candidate to provide or agree to provide any money to be used by another in making any bet or wager upon any event or contingency whatever arising out of the election. It is a penal statute, and declares that a violation of it shall be a misdemeanor. It does not declare that the guilty party shall forfeit his office as a part of his punishment. Even, however, if the charge were sufficient to justify removal from office, it needs no argument to show that this could not be done until after his prosecution and conviction in a court of competent jurisdiction. The board of trustees was not such a court.
By the fifth specification, it is attempted to prefer a charge of conduct inhibited by sections 6 and 9 of the corrupt practices act. To have sustained this charge, it must have appeared that the candidate not only did not file the statement *562 of his expenses witMn the time required by section 6, but also that he did not file it before action was taken against Mm with reference thereto. That the provision as to time in section 6 is directory merely, we think clearly appears from section 9. This provides that if the candidate shall refuse or neglect to file the statement prescribed in section 6, he shall be deemed guilty of a misdemeanor, punishable as above provided, and shall also forfeit Ms office. It does not provide, it will be seen, that if he fails to file it within the time prescribed that he shall be guilty. Moreover, it may be said of this, as of the preceding charge, that the forfeiture of his office was dependent upon his being found guilty of the misdemeanor on trial in a court of competent jurisdiction. None of these charges or specifications, even if the relator had confessed each and all of them, were sufficient in law to have justified and sustained the respondent in its attempted removal of the mayor.
There is another reason equally conclusive in-favor of the rightfulness of the judgment rendered by the trial court. The mayor was an officer deriving his right and authority to hold office from the same source as did each of the members of the board, namely, an election by the qualified electors of the municipality. Not being an officer whose appointment was optional with and made by the board of trustees, and who held only at its pleasure, a legal cause for his amotion must have existed, Carter v. City of Durango, 16 Colo. 537.
To authorize the removal of such an officer, there must be a charge of something which constitues a legal cause of amotion, and it must be sustained on a trial by competent legal evidence. The proceedings on the trial are judicial in their nature, Carter v. City of Durango, supra; Mechem, Public Officers, § 455; Dillon, Mun. Corp. § 253.
It follows that the power of removal must be exercised under the same limitations, precautions and sanctions as in other judicial proceedings, and that the regularity of the proceedings, and the legality of the removal must always be open to review-in the courts. Mechem, supra, § 456; Stockwell v. *563 Township Board, 22 Mich. 341; Dullam v. Willson, 53 Mich. 392; Kennard v. Louisiana, 92 U. S. 480; High, Extraordinary Remedies, § 407; Merrill on Mandamus, § 147.
Upon proceedings in mandamus, therefore, to contest the right of removal, it is incumbent upon the respondent to show that such charges were preferred, and that they were sustained by legal evidence. In this case, nothing of the kind was attempted. The testimony presented before the board is nowhere preserved in the record before us, nor in the minutes of the board which were offered in evidence. The mere recital in the minutes of the board that' there was evidence offered, and that the board found the accused guilty, is not sufficient. The respondent offered no evidence on the hearing in the district court to sustain the charges preferred, although it was denied in the reply of the relator that any evidence was received or heard by the board. Under these circumstances, the court could not properly have done otherwise than to have awarded the peremptory writ. State v. Teasdale, 21 Fla. 652.
Being unable to discover any error, the judgment will be affirmed.

Affirmed.