[No. 2983.]

THE CITY COUNCIL OF THE CITY OF CRIPPLE CREEK ET
AL. V. THE PEOPLE EX REL. FERGUSON.

1. **Offices and Officers—Title to Office—Mandamus—Jurisdiction.**

   Where a party is in actual possession of an office under an

election or commission, and exercising its duties under color of right, his title to the office cannot be tried or tested by mandamus.

**2. Same—City Councils.**

Where a city council in a contest for the seat of one of its members by resolution unseated the contestee who had received the certificate of election and qualified, and seated in his stead the contestor, and the contestor entered upon the discharge of his duty as a member of the council, an action of mandamus would not lie against the other members of the city council to compel them to restore the contestee to his position as a member of the council.

*Appeal from the District Court of Teller County.*

Mr. CHARLES C. BUTLER, Mr. JAMES OWEN, Mr. GEORGE H. KOHN and Messrs. TEMPLE & CRUMP, for appellants.

Mr. FRANK J. HANGS and Mr. G. Q. RICHMOND, for appellee.

Mr. E. C. STIMSON, of counsel.

GUNTER, J.

Relator, candidate for the position of alderman of the city of Cripple Creek, received a certificate of election and qualified. A contest before the council by his opponent, Matthews, resulted in a resolution purporting to unseat relator and to seat Matthews. After such action of the council Matthews entered upon the discharge of his duties as a member thereof, and was in the discharge of such duties at the time of the bringing of this action. Relator brought this action (mandamus) whereby he sought to be restored to the position of alderman. The action was against the council of the city of Cripple Creek, the mayor thereof, and the members of the council other than Matthews. An alternative writ of mandamus was issued. To this appellants (defendants below) demurred and the demurrer was overruled. Appellants

answered setting up two grounds of defense. Relator demurred to the second ground, which demurrer was sustained. Error is assigned by appellants to the ruling sustaining this demurrer to their second ground of defense, and as the ruling upon the question thus presented will probably finally dispose of the case, we confine ourselves to its consideration. From this second defense it appears that relator received a certificate of election as member of the council of the city of Cripple Creek, and qualified as such. Thereafter Matthews, his opponent, instituted against him a contest before the council which ended in a resolution unseating relator and awarding the seat to the contestant, Matthews. The latter qualified pursuant to such action of the city council, and entered upon the discharge of his duties as a member thereof, and was in such discharge on the 27th of May, at the time of the institution of this proceeding (mandamus) brought to compel the restoration of relator, the office then being filled by Matthews.

This court cannot compel the council in this proceeding to admit relator and exclude Matthews without inquiring into the title of such respective parties. The chapters of our code upon ''Actions for the Usurpation of an Office or Franchise'' and ''Of the Writ of Mandamus,'' were adopted from the code of California.—Practice Act of Cal. (Parker), chapters 27, 49; Civil Code of Colorado 1877, chapters 25 and 32; Mills' Ann. Code, chapters 27 and 29.

These chapters had been construed by the courts of California before their enactment here. Such construction we adopted with the chapters and should follow.—*The City Council of the City of Cripple Creek et al. v. Hanley et al., ante,* p. 390, decided at the present term, and authorities there cited.

''It is a rule of general application that where

there is any other specific legal remedy for the party complaining, the writ of mandamus will not lie. But where there is no other adequate specific remedy, resort may be had to this high judicial writ.   *   *   * The principle which seems to lie at the foundation of applications for this writ and the use of it is, that whenever a legal right exists the party is entitled to a legal remedy, and when all others fail, the aid of this may be invoked.   *   *   *   The established rule of the common law upon this subject stands unshaken and unimpaired by any of the modern cases. But if any doubt can remain upon this question, or if the mere weight of authority, either as regards the number of authorities, or the respectability of their source, is against the proposition, the statutes of this state unquestionably settle the point beyond all further controversy.   *   *   *   While the defendant is actually in possession of the office, duly sworn and admitted, and exercising the duties as officer *de facto,* he is *prima facie* entitled to it; such is the presumption of law; and in the second place, while the defendant is thus in the office, under the color of lawful right, and claiming to be the lawful incumbent, his title to the office cannot be tried upon mandamus; and thirdly, the statute has provided a plain, speedy, and adequate remedy at law by the Practice Act, which provides for an action 'against any person who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within the state.'

"We consider that it is a well-settled rule of the common law, that the title to an office cannot be tried by mandamus. A mandamus can give no right, not even the right of possession, although it may enforce one.   *   *   *   The authorities to sustain the position, that mandamus will not lie when the office is full, are very numerous, but we propose to cite only

a few of them.   *   *   *   Though a mandamus to admit to an office gives no title, yet it will not be granted when there is an officer *de facto,* though that officer be in under a temporary mandamus, obtained by collusion, and claim under the same election with the applicant; for the remedy is, to try the title to the office *de facto* or on information in the nature of a *quo warranto.*   *   *   *   Where the office is already filled by a person who has been admitted and sworn, and is in by color of right, a mandamus is never issued to admit another person.   The proper remedy in the first instance, is by an information in the nature of a *quo warranto,* by which the rights of the parties may be tried."—*People v. Olds,* 3 Cal. 167; *People v. Scannell,* 7 Cal. 432; *Meredith v. Board of Supervisors,* 50 Cal. 433.

These cases were decided before the adoption of our code.   *Kelley v. Edwards,* 69 Cal. 460, decided since, shows an adherence to the doctrine enunciated in the above cases.

"When a person is in actual possession of an office under an election or commission, and exercising its duties under color of right, his title to the office cannot be tried or tested on mandamus.   This is the established doctrine, both in England and the United States, and might be supported by almost innumerable decisions."—*Henderson v. Glynn,* 2 Colo. App. 303, 305.

In this opinion the following citation (High Extra. Rem., §.49), is quoted approvingly:

"And the rule may now be regarded as established by an overwhelming current of authority, that when an office is already filled by an actual incumbent, exercising the functions of the office *de facto,* and under color of right, mandamus will not lie to compel the admission of another claimant, nor to determine the disputed question of title."

*People v. Londoner,* 13 Colo. 314, construes the chapter on usurpation of an office *quo warranto* in harmony with the California decisions.

We are justified in holding the law to be as above announced; that is, if Matthews was in actual possession of the office of alderman under an election or commission, and exercising its duties under color of right, his title to the office cannot be tried or tested on mandamus.

"An officer *de facto* is one who executes the duties of an office under some color of right, some pretense of title, either by election or appointment." —*Hooper v. Goodwin,* 48 Me. 79, 80.

"A person actually in office by some right or title—not a mere usurper or intruder, although not legally appointed or elected thereto, or qualified to hold the same—is still an officer *de facto,* or in fact, and as a matter of public convenience and utility his acts, while so in office, are held valid and binding as to third persons."—*In re Ah Lee,* 5 Fed. 809; 6 Sawyer, 410; *Jeffords v. Hines* (Ariz.), 11 Pac. 351.

According to the allegations of the second defense we think Matthews was a *de facto* officer; that is, was in actual possession of the office of alderman under an election or commission, and exercising its duties under color of right. This being true and it being necessary to inquire into and determine the legality of his title in order to determine whether mandamus should issue, then this action involved the determination of the title of a *de facto* officer; as this could not be done in a proceeding of this nature, the action was misconceived and the lower court erred in overruling the demurrer to such second ground of defense.

*Board of Trustees v. The People ex rel. Keith,* 13 Colo. App. 553, is cited as *contra* the conclusion we have reached. We think not. The point here

decided was not made or ruled in that case. Further, the facts there involved were different from those here presented.

We have not ruled other points made because the determination of this one question, it is thought, will be decisive of the case.

Judgment will be reversed with instructions to the lower court to overrule the demurrer to the second ground of defense in appellants' answer.

Judgment reversed.                    *Reversed.*