Timothy W. Schultz Executive Director Department of Local Affairs 1313 Sherman Street, Room 518 Denver, Colorado 80203
Dear Mr. Schultz:
This opinion letter responds to your memorandum of March 17, 1989, in which you inquired whether the Las Animas Board of County Commissioners can remove, without cause, members of the county's health board.
QUESTION PRESENTED AND CONCLUSION
Your request for an Attorney General's opinion presents the following question:
a. May Boards of County Commissioners remove members of their boards of health without cause?
No.
ANALYSIS
Sections 25-1-501 and 502(1), C.R.S. (1982 1988 Supp.) permit boards of county commissioners to establish and maintain county boards of health. Section 25-1-502(2), C.R.S. (1982) sets the term of appointment for members of county health boards:
 Every county board of health shall consist of five members to be appointed by the board of county commissioners for five-year terms; except that the members first appointed shall be so designated so that one serves for one year, one for two years, one for three years, one for four years, and one for five years from the date of appointment. Thereafter full-term appointments shall be for five years. All members shall be residents of the county. Appointments shall be made to the board so that no business or professional group shall constitute a majority of the board. Any vacancy on the board shall be filled in the same manner as full-term appointments by the appointment of a qualified person for the unexpired term.
Section 502(2) contains no provisions regarding removal of county health board members. As a general rule, when the tenure of a public officer or employee is not fixed by law, and there is no provision made for his removal, the appointing authority has the inherent power of removal incident to the power to appoint. E.g., Stoldt v. City ofToronto, 234 Kan. 957, 678 P.2d 153, 160 (1984); Goweyv. Siggelkow, 85 Idaho 574, 382 P.2d 764, 773 (1963).See Carter v. City Council of City ofDurango, 16 Colo. 534, 27 P. 1057, 1058 (1891). However, where, as here, the term of office is fixed by statute, the power of summary removal is not incident to the power of appointment, and the officers appointed cannot be terminated except for cause.E.g., State ex rel. Raslavsky v. Bonvouloir,355 A.2d 275, 278 (Conn. 1974). See Pittman v.Larson Distributing Co., 724 P.2d 1379 (Colo.App. 1986) (employment contracts).
Because § 25-1-502(2) specifies the term of appointed county board of health members, those members are not "at will" employees, and may not be removed without cause. This conclusion is buttressed by the language of § 25-1-505(1), C.R.S. (1988 Supp.), which states that each county health department shall be headed by a public health administrator who "shall be appointed by the [county] board [of health] to serve at the pleasureof the board. . . ." (emphasis added). The relevant portions of §§ 502 and 505 were originally enacted at the same time, and if the Legislature had intended that county board of health members be subject to removal without cause, it could easily have used in § 502 the same limiting language ("serve at the pleasure of") found in § 505.
SUMMARY
County board of health members are appointed for terms fixed by statute. Consequently, they do not serve at the pleasure of the appointing authority and may not be removed without cause.
Sincerely,
 DUANE WOODARD Attorney General
COUNTY COMMISSIONERS STATUTES COUNTY GOVERNMENT RULES AND REGULATIONS
§ 25-1-501, C.R.S. (1982 1988 Supp.)
§ 25-1-502(1), C.R.S. (1982)
§ 25-1-502(2), C.R.S. (1982)
LOCAL AFFAIRS DEPT.
The Board of County Commissioners does not have the power to remove members of the county health board without cause since they are appointed for terms fixed by statute.