BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE CO. *v.* GRAHAM.

1. The payment by the county of costs in preliminary examinations, is by the statute (Laws 1876, p. 53,) left to the discretion of the board of county commissioners, and their action in disallowing certain fees thereunder is not subject to review on appeal.
2. An indictment is not, strictly speaking, so called, until it has been found a "true bill," and the provision made in the statute (Laws 1874, p. 153,) for fees to the district attorney for drawing each "indictment" cannot be held to include compensation for drawing bills ignored by the grand jury.
3. Where there were several indictments against two jointly, and separate trials had and a conviction on each, *held*, under the statute (Laws 1874, p. 153), that the district attorney was entitled to his fee on conviction in each indictment, and, *also*, where two were jointly indicted, tried and convicted, that he was entitled to his fee for the conviction of each.

*Appeal from District Court of Arapahoe County.*

THE case is stated in the opinion.

Mr. W. B. MILLS, for appellant.

Mr. C. W. WRIGHT and Mr. S. E. BROWNE, for appellee.

ELBERT, J. There is no claim in this case that the district attorney is entitled to recover for his services independent of the statute fixing his fees. The act "relating to fees and salaries in Arapahoe county," Sess. Laws 1874, p. 146, provides for the district attorney "for every criminal trial or examination before a justice of the peace, a fee of five dollars." Touching preliminary examinations, we are of the opinion that this act must be taken to have been modified by the subsequent general law "concerning costs in criminal cases," approved February 11, 1876. Sess. Laws 1876, p. 53.

By the last act the legislature clearly intended to leave the payment of costs in preliminary examinations to the *discretion* of the county commissioners.

VOL. IV—26

The language is, "the county commissioners of any county may, *in their discretion*, pay the costs of preliminary examinations," etc., etc.

The object of the provision may have been to correct an abuse arising from the arrest of parties on trivial charges when there was not any or sufficient evidence upon which to hold them to answer.

Whatever the reason of the law, or whatever may be thought of its propriety, the language is plain.

Being a matter of discretion, the action of the county commissioners in disallowing the claim of the district attorney for fees in the eleven cases of preliminary examination before the justices was not subject to review, and the court below erred in entertaining jurisdiction and allowing the claims.

The act of 1874, *supra*, also allows the district attorney "for drawing each indictment, five dollars."

There is a well-recognized distinction between a bill and an indictment. An indictment is defined to be "A written accusation of one or more persons, of a crime or misdemeanor, preferred to, *and presented upon oath by a grand jury*." Burrell's Law Dict., title Indictment. 4 Bl. Com. 302.

"Strictly speaking, an indictment is not so called until it has been found 'a true bill' by the grand jury. *Before that it is termed a bill only.* 1 Arch. Crim. Pl. 230, note 1.

"A bill is a written accusation of one or more persons of a crime or misdemeanor lawfully presented to a grand jury." Bouvier's Dict., Indictment.

Section 11, R. S., p. 390, recognizes this distinction.

It is there made the duty of the foreman "to indorse upon every bill that may be presented to the grand jury, the finding of such jury, as, that the same is a 'true bill,' or 'not a true bill,' as the case may be, and sign his name thereto before the same shall be returned into court." Until the bill is indorsed "a true bill," and signed and presented, it is not an *indictment*.

While this section of the Revised Statutes seems to have contemplated that bills should be prepared and presented to the grand jury by the district attorney in the cases of persons under recognizance, and while as a matter of practice it is necessary, especially in the more populous districts, that such bills should be drawn up in advance of the finding of the grand jury, in order to the speedy dispatch of business, the legislature has not provided compensation for drawing bills that may be ignored.

If there was any reason for saying that the legislature used the term " indictment " in any broad sense that was intended to include a bill, we should be disposed to a liberal construction of the law. On the other hand, there is evidence in the law of an intent to compensate the district attorney only for *effective* labor, as for instance, in misdemeanors, felonies and capital cases, his fees are dependent upon conviction. By the Revised Statutes, p. 321, sec. 12, he is not allowed any fee for an indictment which may be quashed.

The omission to provide compensation for bills ignored by the grand jury is in keeping with the spirit of these provisions.

The court therefore erred in allowing the claim of the district attorney for drawing the eleven bills ignored by the grand jury.

The same act allows the district attorney for every conviction for felony in the district court, twenty dollars.

The allowance of the " conviction fee " of twenty dollars in each of the four cases against Reed, and in each of the four cases against Swan, and also a like fee in the case against Bickford, was authorized by the statute, which provides a fee of " twenty dollars for any conviction for felony in the district court.".

There were five indictments against Reed and Swan jointly.

The trials were separate, and in the case of each there was a trial and a *conviction* on each indictment.

In the case of McMann and Bickford, they were jointly indicted and tried, and both were convicted. This was a conviction of two persons, and for each the district attorney was entitled to his fee of twenty dollars.

The judgment of the court below is reversed and remanded with instructions to enter judgment in accordance with the views herein expressed:

*Reversed.*