# GRIGGS v. BOARD OF COMMISSIONERS OF WESTON COUNTY.

OFFICE—DEPUTY COUNTY CLERK—APPOINTMENT—RATIFICATION BY COUNTY BOARD—RIGHT OF BOARD TO DISPENSE WITH SERVICES.

1.  Auditing and allowing the salary of a deputy county officer, whose appointment is required to be consented to by the county board, is a sufficient approval of the official appointed and a ratification of his appointment.

2.  The approval of the county board is required to the appointment of each deputy county clerk; and, in counties of the third class, no deputy may be appointed unless the consent of the board is obtained thereto.

3.  In counties of the third class, the county board have the right to regulate the appointment of deputies, by directing when such officers are required and dispensing with their services when the public necessities do not demand their further employment.

4.  In counties, other than of the first class, the county board must consent to the initial or continuous employment of a deputy county clerk, and even after the employment of such an official under circumstances showing the consent of the board to the employment, the board may withdraw its consent at any time to the future employment of any person in such a capacity.

5.  In such a case the deputy is not entitled to hearing before being removed.

[Commenced in District Court January 13, 1882.    Decided May 11, 1895.]

ERROR to District Court for Weston County, HON. RICHARD H. SCOTT, Judge.

Lewis T. Griggs acted as deputy county clerk for Weston

County from February 2, 1891, until January 1, 1892. His appointment was made in writing, dated January 24, 1891, signed by the county clerk and purported to appoint him as deputy clerk for the term of two years, unless sooner revoked. He took the oath of office. His salary was paid to the 18th day of November, 1891, and payment for the balance of the last quarter of 1891, subsequent to the last named date, was refused. At a special meeting of the county board on said date, a resolution was adopted dispensing with the service of all deputies for county officers, on account of the necessity for strict economy in the management of county affairs. There was no proof other than the payment of salary, showing any approval of the appointment by the county board. Judgment for defendant, the board of the county commissioners, and the plaintiff brought error.

*N. K. Griggs,* for plaintiff in error, contended that the plaintiff in error was not an "assistant," but was, on the contrary, the regular deputy clerk, expressly appointed for two years; and that he could not be removed except on hearing and for cause. That the appointive power lies solely with the county clerk (L. 1890-91, Chap. 56, Secs. 2 and 3). That the law does not provide the manner in which the consent of the board shall be obtained or indicated; and payment of salary amounted to an approval. The right of the board to withdraw its consent not being expressly given by statute, and not being necessarily implied, does not exist.

GROESBECK, CHIEF JUSTICE.

This action was instituted in the district court for Weston County for the purpose of recovering the sum of $75.00 for the services of the plaintiff in error as deputy county clerk from November 18, 1891, to January 1, 1892. The bill was disallowed by the board of the county commissioners for Weston County, for the reason that upon the said 18th day of November said board adopted the following preamble and resolution: "Whereas, the necessary expenses of this county under the most economical administration are far in excess of the current revenue of the county; and Whereas, it is incum-

bent upon the commissioners of this county to reduce the necessary expenses of the county to the lowest possible point expedient,—Therefore, Be it Resolved, that the county henceforth allow and pay for no deputy or deputies for county offices, and all approvals of appointment of deputies are hereby revoked and rescinded." The county clerk, as clerk of the board, attended the meeting at which this resolution was adopted, and recorded the same in the proceedings of the board, and it is therefore claimed that he had due notice thereof. The deputy was appointed in writing by the county clerk, January 24, 1891, for the term of two years. There is nothing in the record to show whether the county board consented to such appointment; but the salary of the deputy so appointed was audited and allowed by the board up to the time of the passage of the resolution, and this, we think, is a sufficient approval of the official appointed, and a ratification of his appointment.

The authority for the appointment of the plaintiff in error as deputy county clerk of the county of Weston is conferred by the terms of an act of the first legislature providing for assistants and deputies of certain county and district officers, approved January 10, 1891. Ch. 56, Sess. Laws, 1890-91. This legislation is authorized and directed by the following constitutional provision: "The legislature shall provide by general law for such deputies as the public necessities may require." Const. Wyo., Art. XIV., Sec. 4. This section evidently refers to deputy county officers, at least, as the next preceding section requires that the salaries of county officers shall be fixed by law, within certain limits therein defined.

The statute referred to classifies the counties of the State for the purposes of the act, according to the assessable valuation thereof, into four classes. No proof was offered showing into which class Weston County would fall, but we may presume that it was the third class, as the action of the county clerk and the county board indicates that the deputy was appointed under the provisions of the statute regulating the appointment of deputy county clerks of that class of counties, and is so referred to in the brief of plaintiff in error.

The statute provides that certain county and district officers may have deputies and assistants as prescribed by law, who shall be appointed subject to the approval of the county board. In counties of the first class, the county clerk may appoint one deputy, and, with the consent of the board, may appoint such other deputies as may be necessary, and these deputies may each receive a salary not to exceed $1,200.00 per year. In counties of the second and third classes, the county clerk may appoint, with the consent of the board of county commissioners, one deputy, the salary of which in counties of the second class is not to exceed eight hundred dollars per annum; and in counties of the third class not more than sixty dollars per month. In counties of the fourth class, the county clerk may appoint such deputies as may be allowed by the county board, with a salary not to exceed sixty dollars per month for the time actually employed. In addition to these provisions for deputy county clerks, the clerks of the several counties are permitted to appoint such assistants for clerical or other services as may be necessary, with the approval of the county board. Sections 2, 3, and 4, Ch. 56, Sess. Laws 1890-91. From a careful examination of the provisions of this law, we think the legislative intent is clear requiring the approval of the county board to the appointment of each deputy county clerk, and, further, that in certain cases, particularly as to counties of the third class, into which Weston is conceded to fall, that the deputy may not be appointed at all, unless the consent of the board is obtained thereto; and that the board in counties of that class have the right to regulate the appointment of deputies, by directing when such officers are required, and dispensing with their services when the public necessities do not demand their further employment. The contention of the plaintiff in error, that the board having ratified the appointment, could not dispense with the services of the deputy, is not well founded.

Although, by payment of the official salary, the ratification of the act of the county clerk in making the appointment and conferring it upon the plaintiff in error may be presumed, yet, as the statute fixes no time for which the deputy may be ap-

pointed, we think in cases of counties of the third class that the county board may withdraw its consent to the creation of the office and revoke the appointment. The legislature provides for the appointment and payment of deputy county clerks in counties of the first class, one for the county absolutely and as many more as the county board may deem necessary, and the appointment must be subject to the approval of the board, but in counties of the other classes, the county board must consent to the initial or continuous employment of a deputy county clerk, and even after the employment of such an official under circumstances showing the consent of the board to the employment of a deputy and the confirmation of the person appointed, the county board could withdraw its consent at any time to the future employment of any person in such a capacity, whenever in its judgment public interests required that the services of such officer be dispensed with without injury to the public service, or where, as in this case, the revenues of the county were insufficient to warrant the continuance of such an office. The constitutional provisions invoked have no application. It is contended that the deputy could not be removed except upon hearing and for cause, but there is no such provision of law, and the constitution is not self-executing in this respect. The provision of the constitution that "every person holding any civil office under the State, or any municipality therein, shall, unless removed according to law, exercise the duties of such office until his successor is duly qualified," has no reference to the case of plaintiff in error, as his term of office as deputy county clerk is not for a fixed period, and could only exist "with the consent of the board of the county commissioners" in counties of the third class, and because the discontinuance of his office was impliedly warranted by the terms of the act under which he was appointed. Doubtless the provisions of the statute under consideration are somewhat obscure, but the legislative intent seems clear that the county board in counties of the third class could control the employment and tenure of office of deputy county clerks.

The terms of the recent statute (Ch. 74, Sess. Laws 1895) provide in plain language that in counties of the third class

the county commissioners may employ a deputy county clerk, and have thus removed the apparent obscurities of the act under consideration.

The judgment of the district court for Weston County for the defendant in error, the board of the county commissioners, is affirmed.

CONAWAY and POTTER, JJ., concur.