<hr />

[No. 1340.]

THE BOARD OF COUNTY COMMISSIONERS OF OTERO COUNTY v. WOOD.

COSTS.

The allowance or rejection of any claim against a county for costs or fees in any criminal case before a justice of the peace is wholly within the discretion of the board of county commissioners, and the district court has no jurisdiction to review the action of the commissioners on such claim.

*Appeal from the District Court of Otero County.*

Mr. G. M. DAMERON, for appellant.

Mr. CALVIN E. REED, of counsel.

Messrs. KILGORE & HESS, for appellee.

WILSON, J., delivered the opinion of the court.

F. D. Wood, the appellee, who was a justice of the peace in Otero county, presented to the board of county commissioners a bill for his fees and charges in the trial of a misdemeanor case in his court. The claim was disallowed, and thereupon he appealed to the district court. The county attorney on behalf of the county filed a motion for the dismissal of the appeal on the ground that the district court was without jurisdiction to review the action of the commissioners. The motion was denied, and the county electing to stand by it, judgment was rendered in favor of the appellee. There is no dispute as to the amount of the fees charged up by the justice, nor the rendition of the services. His charges were those fixed by the statute in such case. The sole question is, Has the district court power to review the action of the commissioners?

The right of an officer to have payment of his costs made by the county in a criminal case is purely statutory. At common law, the costs made by the defendant, if paid at all, were paid by him; the costs of the prosecution, no matter what the event of the trial, were unpaid. On the part of the state or sovereign, there was neither payment nor recovery of costs. *Fremont County v. Wilson*, 3 Colo. App. 496. The matter was to some extent regulated by statute at an early date in Colorado. It was provided that the costs in criminal cases should be paid by the county in which the offense was committed when the defendant should be convicted and should be unable to pay them; when the defendant was acquitted, the costs should be paid by the county, unless the prosecuting witness was adjudged to pay them. In 1876, this was

amended by a provision that the payment of the costs of all preliminary examinations, except in cases in which the prosecuting witness should have been adjudged to pay them, was discretionary with the county commissioners. The latest expression of the legislative will on this subject was at the session of the general assembly in 1891. The construction of that act is conclusive of the issue in this cause. In section 8 of the fee and salary act, it was provided "that the county commissioners may in their discretion disallow any charges against the county for fees or costs of district attorneys or other persons for the trial or examination of any criminal case before any justice of the peace, police magistrate, police judge, or any court not being a court of record. They, in counties of the first and second classes, shall not allow any fees for district attorneys or deputies or attorney attendance before justices of the peace in misdemeanors." Laws, 1891, page 214.

The language here used does not seem to be of any doubtful import, and would appear to be decisive of the case. The allowance or rejection of the claim of any person for fees, charges or costs in the trial of any criminal case before a justice of the peace, is wholly discretionary with the county commissioners. We can see no reason which would support any other construction of this section. The contention of appellee that because district attorneys only are specifically mentioned, therefore the words "other persons" mean only persons of the same class as district attorneys, namely, other persons who may act in the particular case as a district attorney, cannot be maintained. It is only necessary to say as conclusive of this claim, that the statute so far as costs and fees are concerned does not recognize any attorney for the prosecution except the district attorney or his deputy. We know of no law which would permit costs to be taxed in any proceeding in favor of any attorney except the duly authorized public prosecutor. It was evidently the intent of the legislature to adopt the same rule of law as to the payment of costs of criminal trials before justices of the peace as had

prevailed since 1876 in preliminary examinations. This being a matter of discretion, the district court did not have jurisdiction to review the action of the commissioners in disallowing the bill. The motion to dismiss the appeal should have been sustained. *County Com'rs* v. *Graham,* 4 Colo. 201.

It follows that the judgment must be reversed.

*Reversed.*