THE BOARD OF COUNTY COMMISSIONERS OF PITKIN
COUNTY v. SANDERS.

FEES AND SALARIES—STATUTORY CONSTRUCTION—FEES OF JUSTICE OF
THE PEACE IN CRIMINAL TRIALS.

Under section 1905, 3 Mills' Ann. Stats., the allowance or disallowance
of the statutory fees of a justice of the peace in criminal trials is
discretionary with the board of county commissioners and is not
reviewable by the courts.

*Error to the County Court of Pitkin County.*

Mr. H. L. McNAIR, for plaintiff in error.

No appearance for defendant in error.

PER CURIAM.    This is an action by a justice of the peace
of Pitkin county against the board of county commissioners
of that county to recover his statutory fees in misdemeanor
cases tried before him.    The sole question for determination
is whether the allowance of the fees of a justice of the peace
in the trial of criminal cases is discretionary with the board.
And this depends upon the following clause of our statute:
"And, *provided further*, that the county commissioners
may, in their discretion disallow any charges against the
county for fees or costs of district attorneys, *or other persons*,
for the trial or examination of any criminal case, before any
justice of the peace, police magistrate, police judge, or any
court not being a court of record.    They, in counties of the
first and second classes, shall not allow any fees for district
attorneys, or deputies, or attorney attendance before justices
of the peace in misdemeanors."    Session Laws, 1891, p. 314,
sec. 8; 3 Mills' Ann. Stats. sec. 1905.

The justice of the peace is not represented here by coun-
sel; but from the record we infer that his contention below

was that, inasmuch as the statute specifically enumerates district attorneys, " other persons," under the rule *noscitur a sociis*, include only persons *ejusdem generis ;* and since, as it is said, the court of a justice of the peace is of higher dignity or rank than its prosecuting officers, and the justice is not of the same class as a district attorney, the expression " other persons " does not include him. Whether either assumption of fact involved in this premise be correct, we do not pause to consider, for it is not important here. If the plaintiff is right in his facts, and if the construction of the statute is to be governed solely by this rule, it would be difficult, if not impossible, to name any person belonging to the same class as district attorneys to whom the statute awards fees or costs. And we are not to presume that the legislature used superfluous words. The maxim invoked is a rule of construction resorted to in doubtful cases. It is closely associated, however, with other maxims, one of which is that, in arriving at the meaning of a statute, it should be so construed as to uphold all of its parts and carry into effect the evident intent of the legislature.

The act of which the foregoing citation is a part, is a comprehensive scheme for fixing the fees charged by county, precinct, and other public officers. It is a fact which the statute itself exhibits, and of which, were it necessary, we would take judicial notice, that the general object of the legislature was to substitute salaries for fees and, in the main, to decrease the compensation which the various subdivisions of the state should pay their servants ; and one specific object was to stop the practice, reputed to exist in some inferior courts, of instituting groundless criminal charges for the purpose of making fees and costs.

A previous statute had given to county commissioners the discretion to disallow all costs of preliminary examinations, and the manifest object of the clause we are considering was to extend the same discretion over costs of trials in criminal cases in all courts not courts of record ; for trials afford as fertile a field as examinations, for the practice of the abuse

aimed at, and the mischief sought to be remedied could be as readily perpetrated in the one, as in the other, form of judicial inquiry, and equally by the presiding and subordinate officers of the courts designated. This being true, the maxim relied upon, which is merely one in aid of interpretation, ought not to be employed to defeat, but rather to give effect to, the evident intent of the law-making power. Broom's Legal Maxims (8th ed.), ch. 6, pp. 539, 576, 588, 593.

We are satisfied that by the expression " other persons " the general assembly intended to include all persons other than district attorneys, specially mentioned, for whom statutory fees in criminal trials and examinations are provided in the act, and among them are justices of the peace. A case quite in point, and in harmony with our conclusion, is *Foster v. Blount*, 18 Ala. 687. The statute there construed provided, *inter alia*, that if the clerk of the county court shall receive any other or greater fees than are allowed by the act, from any guardian, executor, administrator, or other person, he shall, for every such fee improperly received from any person, forfeit and pay, etc. The position of the defendant there was that the act referred merely to cases wherein excessive fees were demanded of persons engaged in the administration of an estate ; and as the plaintiff, who was suing to recover the penalty, was not within that class, he could not recover. But the court thought otherwise ; and after stating that penal statutes are to be strictly construed, and the general rule that when general words follow an enumeration of words of a particular and specific meaning, such general words are held to apply only to persons or things of the same kind as those designated by the particular words, said :

" But this is a rule of construction, by which courts are to ascertain the intention of the legislature, and when that is apparent, we are bound by it and can no more disregard the intention in the exposition of a penal statute than any other. If we were to restrict the meaning of general words, when the framers of the law, by the use of them, intended to embrace other persons or things not embraced by the partic-

ular words, we should annul the law, instead of executing it."

If such is the proper rule of construction of a penal statute, a similar rule can certainly be applied to our statute. The Alabama court held that the true meaning of their act was to punish as an offense the taking of a greater than the prescribed fee from any person, either of the enumerated, or other, classes. The obvious intent of our act unquestionably was to give to county commissioners, and its true meaning is that they have, the discretion, not reviewable by the courts, to disallow the statutory fees and costs of criminal trials and examinations claimed by all persons for whom fees are therein prescribed, and in whose favor costs are taxed, with the single exception that in counties of the first and second classes no fees at all shall be allowed to district attorneys, or for attorney attendance, before justices of the peace in misdemeanors. This construction is fully supported by the following, among other, authorities that might be cited: *Watson v. Lederer*, 11 Colo. 577; *Martin v. Bond*, 14 Colo. 466; *Scott v. Mills*, 7 Colo. App. 155; Sutherland on Stat. Const. § 279, *et seq.*, and cases cited.

The judgment of the county court being contrary to our conclusion, its judgment is reversed, and the cause remanded with instructions to dismiss the action.

*Reversed.*