[No. 4098.]

MERWIN v. THE BOARD OF COUNTY COMMISSIONERS
OF BOULDER COUNTY.

1. SALARIES AND FEES—CONSTITUTIONAL LAW—TITLE OF ACT.

The title of the act (Session Laws, 1891, pages 213, 214) entitled "An Act Concerning Fees," etc., covers the proviso in section 8 of said act empowering the board of county commissioners to disallow fees in criminal trials and examinations before justices of the peace.

2. SALARIES AND FEES—CONSTITUTIONAL LAW—DUE PROCESS OF LAW.

Where the fees of a deputy district attorney were disallowed by the board of county commissioners and the district court refused to review the action of the board, the deputy was not deprived of property without due process of law as contemplated in section 25, article 2 of the constitution and the statute giving the board of county commissioners discretion to allow or disallow such fees is not void because of conflict with said section of the constitution.

3. SALARIES AND FEES—CONSTITUTIONAL LAW—DISCRETION OF COUNTY BOARD.

The passing on claims against a county by the board of county commissioners is an administrative or legislative, rather than a judi-

cial act, and the statute giving to the board discretionary power to allow or disallow fees in criminal trials and examinations before justices of the peace, is not unconstitutional as purporting to confer upon the board judicial power.

4.  SAME—OFFICES AND OFFICERS—DEPUTY DISTRICT ATTORNEY.

A deputy district attorney, if an officer at all, is a district and not a county or precinct officer, and the statute authorizing the boards of county commissioners to fix the compensation of deputy district attorneys is not in violation of section 7 article 14 of the constitution providing that the compensation of all county and precinct officers shall be as provided by law, or of section 15 providing that the general assembly shall, for the purpose of providing for and regulating the compensation of county and precinct officers, classify the several counties according to population, and grade and fix the compensation of officers according to the population.

5.  SAME.

The statute fixing the fees of district attorneys does not apply to deputy district attorneys and in the absence of a provision for compensation of a deputy district attorney by the board of county commissioners, he is not entitled to compensation for his services.   And where at the time of the appointment of a deputy district attorney no compensation had been fixed by the board of county commissioners the board could fix such compensation after his appointment without in any way violating the provisions of section 30 article 5 of the constitution which forbids the enactment of a law that increases or diminishes the salary or emoluments of a public officer after his election or appointment.

6.  STATUTORY CONSTRUCTION—PROVISOS—POWERS CONFERRED.

As a general rule the office of a proviso in a statute is to explain, modify or abridge some other provision of the section or act in which it is found and not to confer a power, but where a proviso does confer a power and there is nothing in the section in which it occurs or any previous section of the act to which it could relate, and the clear intention of the legislature was to preserve pre-existing statutory provisions conferring the same power or, authority, the statute will be construed as conferring the power though in the form of a proviso.

7.  SALARIES AND FEES—DEPUTY DISTRICT ATTORNEY—DISCRETION OF COUNTY COMMISSIONERS.

The allowance or disallowance of compensation to a deputy district attorney is a matter wholly within the discretion of the board of county commissioners and not subject to review by the courts.

8.  SAME.

Where the board of county commissioners have exclusive power

and discretion to allow or disallow a claim against the county, the fact that they failed to make a record of their reasons for disallowing such claim is immaterial.

**9.  SALARIES AND FEES—STATUTORY CONSTRUCTION—REPEAL.**

Section 8 of the act concerning fees, approved April 6, 1891 (Session Laws 1891, page 214), was not repealed by the act providing compensation for district attorneys, approved April 20, 1891 (Session Laws 1891 page 223).

**10.  SALARIES AND FEES—DEPUTY DISTRICT ATTORNEY—MANDAMUS,**

If the board of county commissioners refuse to take any action in the matter of providing compensation for the deputy district attorney, he cannot maintain an action to recover such compensation on *quantum meruit*, but his proper remedy is mandamus to compel the board to act.   The court in such case might compel the board to act, but not to act in a particular way.

**11.  SALARIES AND FEES—DEPUTY DISTRICT ATTORNEYS.**

The legislature has not fixed for deputy district attorneys, any fees, or prescribed any definite salary, nor has it attempted to confer upon the courts jurisdiction to determine the amount of compensation to which such officers are entitled, but it has conferred upon the county commissioners power to fix such salary at a sum not exceeding $1,500 a year.

**12.  SALARIES AND FEES—PUBLIC OFFICE.**

Where one enters into a public office for which no compensation has been provided by law, he is presumed to give his services.  And where such compensation is conditional, his right thereto does not attach until the condition is fulfilled or performed.

*Error to the District Court of Boulder County.*

Action by plaintiff Merwin, deputy district attorney of Boulder county, against the board of county commissioners of that county to recover compensation for services performed by him in his official capacity in trying criminal causes and conducting preliminary examinations before justices of the peace.  The defendant denies liability and relies upon the last clause of section 8 of an act entitled "An Act concerning Fees", etc. (Session Laws 1891, pp. 213, 214), and subdivision 6 of section 1 of an act concerning fees

of district attorneys (Session Laws 1891, p. 223). The district court sustained a demurrer to the complaint and entered judgment for defendant, to review which this writ of error is prosecuted.

The first part of section 8, above mentioned fixes the compensation of members of boards of county commissioners, as such, and the extra allowance to the chairman of the board for services as superintendent of the poor. The concluding portion, material here, reads:

"*And provided, further,* That the county commissioners may, in their discretion disallow any charges against the county for fees or costs of district attorneys, or other persons, for the trial or examination of any criminal case, before any justice of the peace, police magistrate, police judge, or any court not being a court of record. They, in counties of the first and second classes, shall not allow any fees for district attorneys, or deputies, or attorney attendance before justices of the peace in misdemeanors."

Subdivision 6 referred to is:

"The deputies of district attorneys shall be entitled to such compensation for services rendered by them, as the board of county commissioners in the county in which the deputy or deputies reside, shall direct, not exceeding the sum of fifteen hundred dollars annually to each deputy, payable out of fees herein provided," etc.

Messrs. PATTON & ESTEB, for plaintiff in error.

Mr. LEWIS S. YOUNG and Mr. FRANK J. ANNIS, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

On the threshold plaintiff in error is confronted by former decisions of this court and our court of appeals wherein a construction of the same, or a similar, statute has been given adverse to his contention. *Board of County Comrs. v. Graham*, 4 Colo. 201; *Sargent v. The Board*, 21 Colo. 158; *Pitkin County v. Sanders*, 59 Pac. Rep. 402; 27 Colo. 122; *Otero County v. Wood*, 11 Colo. App. 19. To invoke the jurisdiction of this court to review the judgment before us he seeks to raise some constitutional questions which appear not to have been suggested when the foregoing cases were considered. It is not entirely clear that any of them is fairly debatable or necessary to a decision of the case, but for the purposes of the opinion we shall treat them as fairly before us, and assume, without so deciding, that plaintiff is a public officer.

1. The title of the act in which section 8 is found is "An Act concerning Fees," etc. It is said that the provision empowering county commissioners in their discretion to disallow fees in criminal trials and examinations before a justice of the peace is wholly foreign to the title. To our mind it is too plain for argument that this title "Concerning Fees" clearly covers the subject matter of the section.

2. Plaintiff further says that he has been deprived of his property without due process of law, which is forbidden by section 25, article 2, of our constitution. His argument is thus summarized by his counsel: (1) When, as deputy district attorney, he prosecutes a case before a justice of the peace and has sworn to a bill alleging his services and filed the same with the clerk of the board of county commissioners, he

is thereby vested in a property right and interest in
and to the fees provided by law for such services;
and (2) that the arbitrary action of the board in
disallowing these fees, and the refusal of the district
court to review this action, operate to deprive him
of his property without due process of law.

It is difficult to understand how this constitutional
question is in the case, any more than it would be in-
volved in any action where a court rules against a
party who is seeking a judgment. The first proposi-
tion assumes that the law has absolutely and uncon-
ditionally provided him as compensation certain fees;
and the second that the board in disallowing them
acted arbitrarily, and the district court in declining
to review its action denied to plaintiff some right
guaranteed by the constitution. If the statute giv-
ing to the board discretion over the allowance of
fees is not, for some other reason, invalid, or nuga-
tory, it is not void because it conflicts with this sec-
tion. Plaintiff has merely been unable to collect a
fee, the allowance of which the statute has left to
the discretion of the board.

3. But it is said that, inasmuch as section 1 of ar-
ticle 6 of the constitution vests judicial power in
specified courts, which do not, and cannot, include
boards of county commissioners, the statute in ques-
tion contravenes this section when it purports to con-
fer upon such boards power to allow or disallow fees
of a public officer.

This statute has already been recognized as valid
by this court, and similar statutes under similar con-
stitutions have been by other courts upheld. Not
every act that involves the ascertainment of a fact is
a judicial act, and passing on claims against the

county is an administrative or legislative, rather than a judicial, act.

4. Section 7 of article 14 of the constitution provides that the compensation of all county and precinct officers shall be as provided by law, and section 15 that the general assembly shall, for the purpose of providing for and regulating the compensation of county and precinct officers, classify the several counties according to population and grade and .fix the compensation of officers according to such population. These provisions, it is said, are violated by section 8 and subdivision 6 of the statutes, since the legislature, instead of fixing by general law the compensation of deputy district attorneys, has unlawfully attempted to delegate to county commissioners power to do what it, and it alone, may do.

A district attorney is not a county or precinct, but a district, officer; and if his deputy is an "officer" at all, he is, like his principal, a district officer; therefore, not within the purview of the constitutional provision relied on.

5. Section 30 of article 5 of the constitution forbids the enactment of a law which increases or diminishes the salary or emoluments of a public officer after his election or appointment. After Merwin was appointed to his office, and some of the services were performed for which recovery is sought, the board fixed his salary at one dollar a year. The general fee act which prescribes certain fees for district attorneys was in force when the plaintiff was appointed. The argument is now made that the fees pertaining to the office of district attorney, and to which plaintiff says he would be entitled in the absence of a salary fixed for him by the board, would amount to more than the salary fixed after he entered upon the

discharge of his duties; hence, in effect, his salary was diminished after his appointment.

The point is not good for several reasons. Nowhere do we find that fees have been fixed for deputy district attorneys, though fees for district attorneys have been (Laws of 1891, 221) prescribed. But plaintiff is not suing for fees belonging to his principal. Unless the board of commissioners has fixed the deputy's salary, or, in its discretion, allowed certain fees for the deputy's services, he is entitled to nothing. In other words, unless the board makes him an allowance of fees, or gives him a salary, there is no provision of law for his compensation. Neither the act of 1885 (Session Laws 1885, 176) nor of 1889 (Session Laws 1889, 150), which are the only statutes authorizing the appointment of deputy district attorneys, fixes a salary or provides a compensation or fee, and we are cited to no statute in which such compensation is mentioned, except, as just stated, the sections which the plaintiff himself attacks. If these statutes are invalid, then no provision by law has been made for compensation of deputy district attorneys. As was well said by Mr. Justice Wilson in *Otero County v. Wood, supra:*

"The right of an officer to have payment of his costs made by the county in a criminal case is purely statutory. At common law the costs made by the defendant, if paid at all, were paid by him; the costs of the prosecution, no matter what the event of the trial, were unpaid. On the part of the state or sovereign, there was neither payment nor recovery of costs." *Bynum v. Board of Commrs.,* 100 Ind. 90; *Board of Commrs. v. Harman,* 101 Ind. 551.

Public office is not a contract, or the result of a contract, and where compensation is not fixed at

time of election or appointment it may be thereafter fixed, and until fixed, no right to compensation, either fees or salary, attaches. Mechem on Public Officers, §§ 855–858.

6. The language of section 8 under which the board claims a discretionary power is in the form of a proviso, and the plaintiff asserts that it is not the office of a proviso to confer a power, but rather to explain, modify or abridge some other provision of the section or act in which it is found.

This contention, as a general proposition, is good; but in giving effect to any provision of a statute the intent of the legislature governs. The form in which such intent is expressed is not controlling. The previous portions of the section relate to the compensation of county commissioners, and these, as well as former, sections, contain nothing whatever with respect to costs claimed in criminal trials or examinations. It was the obvious intention of the law making body to preserve pre-existing provisions of statutes which conferred upon commissioners the authority which they assert in this case; and while the power here conferred is in the form of a proviso, it is clear that the general assembly intended to continue in the board the same discretionary power in the matter of allowing fees which, theretofore, under the statutes and decisions of this court, they possessed. We are clearly of opinion that this portion of the section, though in the form of a proviso, confers a power upon the board. Sutherland on Statutory Construction, § 223; *Carroll v. The State*, 58 Ala. 396; *Georgia R. & B. Co. v. Smith*, 128 U. S. 174; *Otero County v. Wood, supra.*

7. It is, moreover, said that, if such be the proper construction, the discretion conferred is not an arbi-

trary one, but must be exercised reasonably, and, if abused, is subject to a review by the courts. A construction of the same, and a similar, statute was given by this court and the court of appeals in the cases already cited wherein it was ruled that the allowance of fees in cases covered thereby was wholly discretionary with the board and not subject to review by the courts. It is true that counsel now contend that these decisions are not based on reason or well considered precedents, but we are unable to concur in their view. They are justified by authority and are sound in principle. Indeed, not a single case has been cited where such a statute as the one before us has received a different construction. The cases apparently most strongly relied on by plaintiff in error (*Davis v. Commrs.*, 4 Mont. 292, and *Hedges v. Commrs.*, 4 Mont. 280) are clearly distinguishable. By the provisions of the Montana statute an appeal from the order of the county commissioners was expressly authorized. Besides this, the allowance of fees was made conditional only upon a certificate of probable cause by a judicial officer, which was obtained in the cases there under consideration. In harmony with our conclusion are the cases of *Dillon v. Whatcom County*, 12 Wash. 391; *Griggs v. Commrs. Weston County*, 5 Wyo. 274.

8. The fact that the board did not spread upon its records the reason for disallowing the fees is not important. The allegations of the complaint that the fees were claimed for services performed in criminal trials and preliminary examinations before justices of the peace, bring the case squarely within the provision of the statute which gives to the board exclusive power, in its discretion to disallow those fees. We fail to perceive in what respect plaintiff

was injured by the failure of the board to give any reason for its action since, in any event, that action was conclusive.

9. Neither is the position tenable that section 8 of the act concerning fees, approved on the 6th of April, 1891, is repealed by the act providing a compensation for district attorneys, approved fourteen days thereafter. If necessary, they should be construed *in pari materia.* They are, however, not repugnant. No fees are prescribed for deputy district attorneys under the latter act, and the only provision for their compensation is that which gives to the board of county commissioners power to prescribe their salary. This is not inconsistant with section 8 of the prior act, which gives to them discretionary power to allow fees.

10. Another contention of plaintiff in error, either in this or another case between the same parties ·(*post p.* 181) is that this is an equitable suit on the part of the plaintiff, not to review a discretionary action of the defendant in error, but for appropriate relief where the board has absolutely refused to exercise the power vested in it. That is to say, the fixing by the board of plaintiff's salary at one dollar a year is equivalent to no action at all, and therefore the judgment should be vacated, and another one rendered for a reasonable sum in his favor.

This contention is not good. If the action taken by the board is, in legal effect, no action at all, then the proper remedy is mandamus to compel action, not an action to recover on a *quantum meruit.* The court might, in such a case, compel the board to take action, but not to act in a particular way. And this leads us to remark that, as a conclusive reason why plaintiff is not entitled to maintain this action,

the legislature has not attempted to confer upon the courts jurisdiction to determine the amount of the compensation to which he is entitled. The general assembly itself has not fixed for deputy district attorneys, as such, any fees, or prescribed any definite salary, but, on the contrary has conferred upon the county commissioners power to fix the salary of the class to which plaintiff belongs at a sum not exceeding $1,500 a year. So that while, if the matter could properly be brought before us for review, we might agree with counsel that the action of the commissioners in fixing the plaintiff's salary at one dollar a year was wholly inexcusable and entirely inadequate, still the fact that our judgment was different from theirs would not authorize us on this hearing to substitute our judgment for theirs, and enter judgment in an amount which we deemed a reasonable compensation. Where one enters into a public office for which no compensation has been provided by law, he is presumed to give his services. And where such compensation is conditional, as here, his right thereto does not attach until the condition is fulfilled or performed. 13 Central Law Journal, 444 and cases cited: *People v. Superior Court of New York,* 5 Wendell, 115; *Garfield County v. Leonard,* 26 Colo., 145.

The judgment of the district court was in accordance with the prior decisions of this court, and was the only one which could have been entered under the laws of this state, and for that reason it is affirmed, and the writ of error is dismissed.

*Affirmed.*