[No. 6226.]

## THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WELD v. CAMP.

**Fees—Liability of County—Preliminary Examination—**The arrest of one charged with crime, under a capias issued by a justice is part of the preliminary examination before the magistrate, and under the statute (Rev. Stats., §§ 1077, 2576) the fees of the constable for the arrest are to be allowed against the county only in the discretion of the board of county commissioners. The action of the board is not reviewable by the courts. —(63)

*Appeal from Weld District Court*—Hon. JAMES E. GARRIGUES, Judge.

Mr. DELPH E. CARPENTER, for appellant.

Mr. HARRY E. CHURCHILL, for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This appeal must be dismissed and the action entered as pending on writ of error under sec. 388a of Mills' Code.

The action was brought by a constable against Weld county to recover statutory fees, alleged to have been earned by him in serving a warrant of arrest, and as mileage for each mile traveled by him and for transporting the prisoner. The warrant was duly issued by a justice of the peace and placed in the hands of the constable, commanding him to arrest and bring the accused person before the justice. The constable did as commanded. A preliminary examination was held and the accused was bound over to appear at the next term of the district court. The constable presented his claim against the county for fees, alleged to have been earned by him as aforesaid. The county commissioners disallowed the claim. The constable, as provided by statute, ap-

pealed to the district court. That court rendered judgment for the constable. The county brought the case here for review, claiming that the fees constituted costs in a preliminary examination, payable in the discretion of the county commissioners, and that the action of the county commissioners was not reviewable by the court. On the other hand, the plaintiff claims that the services rendered by him had no connection with the preliminary examination, and that the commissioners had no power to disallow the fees, the services having been rendered.

Sec. 1077, Rev. Stats. 1908, among other things, provides:

"The county commissioners may, in their discretion, pay the costs of all preliminary examinations, except in cases in which the prosecution shall have been adjudged to pay the costs."

A proviso to sec. 2576, Rev. Stats., is as follows:

"And provided, further, That the county commissioners may, in their discretion disallow any charges against the county for fees or costs of district attorneys, or other persons, for the trial or examination of any criminal case, before any justice of the peace, police magistrate, police judge, or any court not being a court of record. They, in counties of the first and second classes, shall not allow any fees for district attorneys, or deputies, or attorney attendance before justices of the peace in misdemeanors."

In *Pitkin Co. v. Sanders*, 27 Colo. 122, it was said, that the proviso of sec. 2576, quoted above, extended the same discretion over costs of trials in criminal cases in courts not of record, as was given by sec. 1077 over costs of preliminary examinations, and further, that the true meaning of the clause or proviso of sec. 2576 is that the county commissioners, "have the discretion, not reviewable by the courts, to

disallow the statutory fees and costs of criminal trials and examinations claimed by all persons for whom fees are therein prescribed, and in whose favor costs are taxed," with an exception not applicable in this case.

Under these statutes, it has been frequently held, in this state, that fees for services relating to a preliminary examination before a justice of the peace are payable in the discretion of the county commissioners and their action thereon is not reviewable by the courts.—*Sargent v. La Plata Co.,* 21 Colo. 158; *Pitkin Co. v. Sanders,* 27 Colo. 122; *Merwin v. Boulder Co.,* 29 Colo. 169; *Otero Co. v. Wood,* 11 Col. App. 19; *Yuma Co. v. Pendleton,* 17 Col. App. 159.

The question for determination is, were these fees a part of the costs of the preliminary examination, or fees for the examination of a criminal case before a justice of the peace? Our statute provides that when a complaint under oath is made before a justice of the peace, charging a person with a criminal offense, it shall be lawful for the justice to issue a warrant commanding the officer to arrest the person charged and bring him before the justice issuing the warrant, or in case of his absence, before any other justice. The justice before whom the prisoner is brought shall commit the prisoner, admit him to bail or discharge him, but before doing so he shall inquire into the truth or probability of the charge; in other words, hold a preliminary examination. The object of the warrant and arrest is to bring the accused before the justice in order that an inquiry may be made to ascertain whether the accused shall be committed, let to bail or discharged. It is certain that a justice of the peace cannot sit down and hold a preliminary examination alone. Before the examination can be held, certain elements, as it were, must

be assembled. The justice is only one of these elements. Among others are the charge under oath, the witnesses and the accused person himself. When these elements are assembled, the examination may proceed. The assembling of these various elements surely relate to, and are connected with, the examination, and, therefore, services performed in assembling them relate to, and are connected with, the examination. The services of the plaintiff were performed in getting the accused person before the justice for the examination, and the fees for such services must be fees or costs of or for the examination. The cost of doing that which must be done, in order to hold an examination, is surely a part of the costs of or for an examination. This being so, the fees in controversy were payable in the discretion of the county commissioners, and their action thereon was not subject to review by the courts.

It follows, therefore, that the judgment should be reversed. It is so ordered, and the cause remanded, with instructions to dismiss the action.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.