### BROWN v. THE PEOPLE.

1. There is nothing in the constitution of this state which requires that
   each school of medicine named in the statute should be represented
   by *equal numbers* on the state board of medical examiners.
2. The state board of medical examiners appointed under the provisions
   of General Statutes of Colorado, 773, entitled " An act to protect the
   public health and regulate the practice of medicine in the state of
   Colorado," being *de facto* the state board of medical examiners,
   acting under the provisions of the statute, its certificate protects
   the holder from prosecution under the statute, notwithstanding
   the mode of appointment might be unconstitutional.

*Error to County Court of Arapahoe County.*

Messrs. WELLS, SMITH and MACON and KNAPP and
BENTON, for plaintiff in error.

THEODORE H. THOMAS, Attorney-General, for defend-
ants in error.

ELBERT, J.   The plaintiff in error was found guilty
and fined $50 on an information preferred against him

for practicing medicine within the state without having received from the state board of medical examiners a certificate authorizing him to practice. The questions presented by the record and discussed by counsel are, in the main, identical with the questions raised and decided in the case of *Harding v. People*, 10 Colo. 387. In so far as this is the case we shall not notice the assignments. This leaves us for consideration two objections, going to the constitutionality of the statute under which the plaintiff in error was convicted.

1. There is nothing in the constitution which requires that each school of medicine named in the act should be represented by *equal numbers* on the state board of medical examiners. The framers of the constitution did not attempt the establishment of a government that should be administered absolutely free from prejudice. In this respect the restraint of an official oath is the chief safeguard prescribed.

2. A point is made that section 2 of the act we are considering is unconstitutional, in that it provides for the appointment of the state board of medical examiners by the governor, whereas, under the provisions of section 6, article 4, Constitution, it is contended the governor should "nominate, and by and with the consent of the senate appoint." In *People v. Osborne*, 7 Colo. 605, this constitutional provision is construed not to apply to offices created by statute to be filled as therein otherwise provided. Independently of this, the office being *de jure*, one appointed to it is *de facto* an officer, notwithstanding the mode of appointment may be unconstitutional. *Ex parte Strang*, 21 Ohio St. 610. As was said in the case of *Harding v. People*, *supra*, "it is enough that the board was *de facto* the state board of medical examiners, acting under the provisions of the statute, and that its certificate would have protected defendant from prosecution under the statute." The judgment of the court below must be affirmed.          *Affirmed.*