HENDERSON, PLAINTIFF IN ERROR, v. GLYNN, DEFENDANT IN ERROR.

1. PRACTICE—TITLE TO OFFICE—MANDAMUS.

When a person is in actual possession of an office, under election or commission, and exercising its duties under color of right, his title to the office cannot be tried or tested on mandamus.

2. SALARY PAYABLE TO DE FACTO OFFICER.

Payment to a *de facto* officer while he is holding the office and dis-

charging its duties, is a defense to an action brought by the *de jure* officer to recover the same salary.

3. SALARY—DE FACTO OFFICER ENTITLED TO.

One who holds a judicial office under a certificate of election issued by the secretary of state can maintain mandamus against the state auditor to compel the payment of the salary incident to the office, notwithstanding the fact that his election is contested in a pending action.

*Error to the District Court of Arapahoe County.*

THESE proceedings were instituted in the court below by James Glynn against John M. Henderson, state auditor, to compel the payment of the plaintiff's salary as district judge, an office to which he claimed to have been elected, and the duties of which he was discharging. He obtained judgment, and the defendant sued out a writ of error. The facts are fully stated in the opinion of the court.

Mr. H. B. JOHNSON, for plaintiff in error.

Mr. H. RIDDELL, for defendant in error.

REED, J., delivered the opinion of the court.

Proceeding by mandamus to compel payment of salary of defendant in error, as district judge of the thirteenth judicial district. At the general election of 1891 defendant in error and one Charles L. Allen were candidates for the office. Upon the 2d day of December following, the state board of canvassers met at the capitol, and the votes of the judicial district were canvassed, defendant declared to have been elected, and the certificate of his election duly issued by the secretary of state. The defendant qualified and entered upon the discharge of the duties of such office, and has since been, and still is, in possession of the office, and in discharge of his duties. Charles L. Allen, the opposing candidate, claiming that the defendant was not legally elected to the place, and that he was, instituted proceedings to contest

the title to the office. Such proceedings are now pending and undetermined in the supreme court. Such contest having been instituted and undetermined, plaintiff in error refused to draw warrants for the payment of the salary of the defendant. Application was made to the district court for a writ of mandamus to compel the payment. As a defense to the application, the respondent set up the existing contest, and alleged want of title to the office and the irregularity of the incumbency. The writ was allowed in the district court, and the matter brought into this court by writ of error for review. Defendant in error having been, by the board of canvassers, declared elected to the office, and having qualified, entered upon, and continued to perform the duties of the office, and no judgment of ouster having been entered against him, he was not only in under color, but, holding all the legal evidence of rightful occupancy, has been and is *de facto* judge of the judicial district, and will so remain unless ousted by judgment in proper proceedings. The defense interposed is unavailing in this action. Title to the office, as between the contestants, cannot be determined in a collateral proceeding, nor in this form of action. The district court could not, nor can this court, legally take notice of the existence of the contest for the office. When a person is in actual possession of an office under an election or commission, and exercising its duties under color of right, his title to the office cannot be tried or tested on mandamus. This is the established doctrine, both in England and the United States, and might be supported by almost innumerable decisions. See Dill. Mun. Corp. §§ 674, 678, 679; High, Extr. Rem. § 49; *People v. New York*, 3 Johns. Cas. 79; *People v. Stevens*, 5 Hill, 629; *In re Gardner*, 68 N. Y. 467; *Duane v. McDonald*, 41 Conn. 517; *People v. Detroit*, 18 Mich. 338; *People v. Head*, 25 Ill. 325. In England, *King v. Mayor, etc., of Winchester*, 7 Adol. & E. 215; *Queen v. Councilors of Derby*, 7 Adol. & E. 419; *King v. Mayor, etc., of Oxford*, 6 Adol. & E. 349; *King v. Mayor of Colchester*, 2 Term R. 259. The only motive of the state auditor in re-

sisting payment was to protect himself, and protect the state, against double payment of the same salary. Under existing facts and the authorities, both he and the state would be amply protected in paying the salary to the incumbent. That he is judge *de facto*, in possession of the office and in the discharge of his duties, under color of an election, and holding all the evidence of being there rightfully, is admitted or unquestioned. In *Terhune v. Mayor*, 88 N. Y. 251, it is said: "It is no longer open to question in this state that payment to a *de facto* officer, while he is holding the office and discharging its duties, is a defense to an action brought by the *de jure* officer to recover the same salary." See *People v. White*, 24 Wend. 540; *People v. Cook*, 8 N. Y. 67; *Lambert v. People*, 76 N. Y. 220; *Dolan v. Mayor*, 68 N. Y. 278; *McVeany v. Mayor, etc.*, 80 N. Y. 185; *McManus v. City of Brooklyn*, (City Ct. Brook.) 5 N. Y. Supp. 424; *Auditors v. Benoit*, 20 Mich. 176; *State v. Clark*, 52 Mo. 508; *Westberg v. City of Kansas*, 64 Mo. 493; *Steubenville v. Culp*, 38 Ohio St. 23; *Shannon v. Portsmouth*, 54 N. H. 183; *Commissioners v. Anderson*, 20 Kan. 298. This seems to be the general doctrine in most of the states,—in two or three, notable in the state of Maine, the reverse has been held,—but they can only be regarded as exceptions to a general rule, which appears to be well founded in reason and justice. It follows that the judgment of the district court should be affirmed.

*Affirmed.*