## THE BOARD OF COUNTY COMMISSIONERS OF PUEBLO COUNTY v. GOULD.

1. PLEADING—DENIAL.

A denial that the defendant owed the sum claimed in the complaint, or any other sum, puts nothing in issue.

2. WATER COMMISSIONER'S COMPENSATION — COUNTIES' LIABILITY THEREFOR.

Each county into which a water district may extend is liable to pay its

pro rata share of the compensation of the district water commis-
sioner.

3. TITLE TO OFFICE—PRESUMPTION.

An appointment to an office having been made, and the appointee hav-
ing qualified and entered upon the duties of his office, the pre-
sumption is conclusive in an action to recover his compensation
that all the conditions authorizing the appointment existed, and
that it was in conformity with law.

4. TITLE TO OFFICE—COLLATERAL ATTACK.

Title to an office cannot be tried in a collateral proceeding.

*Appeal from the District Court of Pueblo County.*

Mr. GEO. SALISBURY, for appellant.

Mr. D. M. CAMPBELL, for appellee.

THOMSON, J., delivered the opinion of the court.

The appellee brought this action to recover for certain
services as water commissioner. His complaint alleges in
substance that he was appointed and commissioned by the gov-
ernor as water commissioner for Water District No. 14; that
he, immediately upon his appointment, executed a good and
sufficient bond in the sum fixed by the governor, conditioned
as the law requires, which bond was approved by the governor
and state engineer, and that within ten days after his appoint-
ment, and before he entered upon the duties of his office, he
took and subscribed the oath of office prescribed by the con-
stitution of the state; that upon proper request being made,
he performed certain services in his district within the county
of Pueblo, a true and itemized account of which, verified by
him, he rendered to the defendant, the board of commission-
ers of Pueblo county, but the board refused to allow any part
of the bill. The answer denied the regularity of the appoint-
ment; averring that the plaintiff had not received the recom-
mendation of the board of county commissioners, defendant,
as provided by law, and that therefore his commission was
void, and himself a usurper. There was no denial that the

appointment was in fact made or the commission issued, or that the plaintiff qualified, or that he entered upon the duties of his office, or rendered the services stated.    There was a denial that the defendant owed the sum claimed or any other sum, but such a denial puts nothing in issue, and is in effect no denial at all.    Bliss on Code Pleading, sec. 334.    An amendment was afterwards made to the complaint by leave of court, from which it appears that Water District No. 14 was partly in Pueblo and partly in Otero county.    There was some evidence on both sides, but it affected nothing except the plaintiff's title to the office.    It is manifest from the pleadings and evidence that the only question which the several counsel regarded as being involved was the validity of the appointment.

The statute provides for the appointment by the governor of one water commissioner for each district, to be selected from persons recommended to him by the several boards of county commissioners of the counties into which the district may extend.    Before entering upon his duties, the commissioner must give a bond for their faithful discharge in a sum to be fixed by the county commissioners, the bond to be approved by the governor and state engineer; provided that if the commissioners of the several counties embracing the district disagree upon the amount of the bond, it shall be fixed by the governor.    The commissioner must also, within ten days from his appointment, take and subscribe his oath of office.    His compensation is fixed at $5.00 per day while he is engaged in the duties of his office.    He must present an itemized and verified account of his services to the board of county commissioners of the county in which his district may lie, which board shall allow the same; or if the district is embraced in more than one county, then the account must be presented to the boards of commissioners of the several counties, and each board shall pay its *pro rata* share.    1 Mills' Stats., secs. 2381, 2382, 2387.

The appointment having been made, and the plaintiff having qualified and entered upon the discharge of his duties

under it, the presumption is conclusive in this case that all the conditions authorizing the appointment existed, and that it was made in exact conformity with the law. The same character of presumption attends the act of the governor in fixing the amount of the bond, and every other act of his connected with the appointment. Chapter 27 of the code provides the only method of procedure by which the title to an office can be tried. It cannot be inquired into in a collateral proceeding. See *Henderson v. Glynn*, 2 Colo. App. 303.

The effect of the defendant's answer was to admit the entire cause of action, and the plaintiff was entitled to judgment upon the pleadings as they originally stood for the full amount of his claim; but upon filing his amendment, showing that a portion of his district extended into Otero county, he became entitled, as against the defendant, only to its *pro rata* share of the sum total, and this was the judgment of the court. Evidence of any kind was unnecessary, and what was introduced was immaterial.

The judgment will be affirmed.

*Affirmed.*