[No. 6518.]

## COUNTY COMMISSIONERS OF CLEAR CREEK COUNTY v. McLEAN.

1. **Water Commissioner—Compensation—Liability of County** — A county in which are lands included within a water district, is, under the statute (Mills' Stats., sec. 2387; Rev. Stats., sec. 3434), liable to the water commissioner for its pro rata share of his statutory compensation, even though he has performed no service within such county, no request was ever made upon him by the county, or any person, to render any service in such county, and no decree has ever been had adjudicating priority to the use of water in such county; and though the area of lands irrigated in such county is trifling, as compared with that in the other counties included within the district.—(604, 605)

2. **Words and Phrases—Pro Rata**—A statute regulating the compensation of the water commissioner provided that he should render an account of his services "to the Board of County Commissioners into which his district extends, and each Board of County Commissioners shall pay its pro rata share thereof." Held, that where the district extended into three counties, each county was liable for one-third of the commissioner's compensation, without any reference to the area of lands irrigated in the counties respectively.—(605)

3. **Public Office—Title, How Contested**—The title to a public office can be tried only by the procedure prescribed by the code (c. 27).—(605)

One who has been appointed water commissioner of an irrigation district, qualified in his office, and performed the duties thereof, is entitled to recover the statutory compensation.

The regularity of his appointment is not to be collaterally brought in question in his action against the county to recover such compensation.—(605)

4. **Payment—Illegal by County—Recovery** — Public moneys illegally expended by the board of commissioners of a county may be recovered from the recipient. The defense of voluntary payment cannot be entertained in an action brought to recover such moneys.—(606)

Moneys paid by two of the counties of a water district, to the water commissioner, in excess of the sums which he was entitled to receive from such counties, are not to be set off against him, in his action for compensation against another county of the district.—(606)

*Appeal from Clear Creek District Court*—Hon. FLOR ASHBAUGH, Judge.

Mr. E. M. SABIN for appellant.

Mr. WILLIAM A. DIER for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

Appellee sued the appellant to recover an amount alleged to be due from it to him as its *pro rata* share for services performed by him as water commissioner of Water District No. 9. The appellant denied that its county of Clear Creek, or any part thereof, was embraced in said water district, and alleged that there are no lands in said county irrigated from Bear Creek or any of its tributaries. It denied that the appellee was the water commissioner in said District No. 9, and denied that payment had not been made for such services. Trial was to the court; judgment was for the plaintiff in the sum of $1,138.33, from which this appeal is prosecuted.

The statutory provisions applicable to the controversy are as follows, "That district No. nine shall consist of all lands irrigated by ditches taking water from Bear creek and its tributaries."—Mills' Annotated Statutes, sec. 2319.

"The water commissioner shall be entitled to pay * * * and be paid by the county or counties in which his irrigating district may lie. * * * each board of county commissioners shall pay its *pro rata* share thereof."—Mills' Annotated Statutes, sec. 2387.

It will be seen that in the section creating Water District No. 9, Clear Creek County is not mentioned by name; hence, whether it or any part thereof was embraced in said District No. 9 was a question of

fact to be determined upon the evidence, which discloses, that Bear Creek extended into and ran through a part of the counties of Clear Creek, Jefferson and Arapahoe, and that the lands irrigated from Bear Creek and its tributaries are situated in these three counties and none other; that in Clear Creek County there were some eight or nine small ditches which took water from Bear Creek for the purposes of irrigation; that about one hundred fifty acres of land in Clear Creek County was irrigated by the waters from this stream through these ditches; that approximately three thousand acres of land were irrigated from the same stream and its tributaries in Jefferson County, and about one thousand acres in Arapahoe County. It was admitted that the services for which payment was claimed had been rendered by the appellee while acting in the capacity of water commissioner for this district, but that none of them had been performed in Clear Creek County, and that no request had been made to him by the county commissioners of that county, or by any one else in that county, for the performance of any services by him as such water commissioner, to be performed in Clear Creek County. It was further admitted that no adjudication had ever been had to establish the priority of rights for the ditches taking water from Bear Creek in Clear Creek County.

Under this state of the record, we think the trial court correct in holding that Clear Creek County was liable for its *pro rata* (one-third) of the services rendered by the water commissioner in Water District No. 9.

The fact that none of the services performed were rendered in the County of Clear Creek is no defense to the action, and is fully answered in the

case of *Board of County Commissioners of Park County v. Locke,* 2 Col. App. 508.

The fact that decreed priorities had not yet been established for these ditches is likewise no defense to this action. This question was thoroughly considered in the case of *Chew v. Board of County Commissioners of Fremont County,* 18 Col. App. 162. Also, the fact that there is less land irrigated in the county of Clear Creek than the other counties in the district and, for that reason, it would be inequitable to compel the appellant county to pay its *pro rata* share of the total, constitutes no part of any defense to the action. The legislature having seen fit to provide this method of payment, it would be judicial legislation upon the part of the courts to attempt to arrange it otherwise.

The second defense urged that the appellee was not lawfully appointed, for the reason that he was not recommended by the County Commissioners of Clear Creek County, and that they took no part concerning his official bond, is not properly here for determination. The record discloses that he had been appointed, furnished his official bond, and was performing the duties of the office. Chapter 27 of the code provides the method of procedure by which the title to an office can be tried. It cannot be thus inquired into in a collateral proceeding.—*Henderson v. Glynn,* 2 Col. App. 303; *Pueblo County v. Gould,* 6 Col. App. 44; *Montezuma County v. Wheeler,* 39 Colo. 207.

The third contention pertains to the amount of the judgment. It is alleged that it is excessive, for the reason that during a part of the time these services were being rendered, Jefferson County paid appellee for one-half of them, and that Arapahoe County, for a time, paid to him one-half of a certain amount thereof. It further appears that during this

time Jefferson County withheld the entire salary of the appellee until the sum so withheld equaled the overpayment, and thereafter paid one-third only of the appellee's salary, and that while Arapahoe County did not withhold money from the appellee to recoup itself for the overpayment, it had an agreement with him to repay to it the sum overpaid; hence, the contention that the judgment is excessive rests on the basis that Clear Creek County is entitled to credit on the sum it owes the appellee upon account of the sums that Jefferson and Arapahoe Counties had overpaid him, although it further appears that Jefferson withheld an amount sufficient to cover its overpayment, and that Arapahoe County had an agreement with him to be reimbursed. This third contention is not well taken. The board of county commissioners is but the agent of the county, and any illegal payment by it in violation of law can be recovered from the recipient and the defense of voluntary payment cannot be sustained; such a payment by a county is a well recognized exception to the rule attempted to be invoked by the appellant in this case.—*Roberts v. The People*, 9 Colo. 458; *Ward v. Town of Barnum*, 10 Col. App. 496; *Cumberland County v. Edwards*, 76 Ill. 544.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.