## No. 9417.

HAYNES *v.* COUNTY COMMISSIONERS OF KIT CARSON COUNTY

PUBLIC OFFICER—*Action for Salary—Presumptions—Evidence.* In an action for salary by an officer who shows an actual appointment, by due authority, the question whether the officer was rightly appointed cannot be raised. The presumption is conclusive that all conditions authorizing the appointment existed, and that the appointment was in conformity with law.

*Error to the Kit Carson District Court, Hon. John W. Sheafor, Judge.*

Messrs. ALLEN & WEBSTER, Mr. E. F. MURPHY, for plaintiff in error.

Opinion by Mr. Justice Allen:

THIS is an action brought by the plaintiff below against the Board of County Commissioners of Kit Carson County to recover a certain sum alleged to be due her for services as probation officer. The defendant prevailed in the trial court, and plaintiff brings the cause here upon writ of error.

The plaintiff was appointed probation officer by the County Judge of Kit Carson County on August 6, 1913. The appointment is evidenced by an order made by the judge and entered upon the records of the County Court. The order recites the necessity, as it appeared to the court, for the appointment of a probation officer; appoints the plaintiff as such offer, and fixes her salary at $100.00 per month. The plaintiff accepted the appointment, and performed some services as probation officer during the time for which she claims salary as such officer.

The action of the County Judge in appointing the plaintiff probation officer was based upon chapter 186, page 542,

Session Laws of 1911, being an act concerning probation officers, and providing that the County Judge is authorized to appoint a probation officer if it is deemed necessary, by such judge, in order to carry out the provisions of the laws of the state for the protection and correction of children.

Upon the trial of this cause, the court permitted, over the objections of the plaintiff, the introduction of certain evidence which was offered for the purpose of showing, or as tending to prove, that the County Judge abused his discretion in appointing any one as probation officer, and that when the appointment was made, the same was not in fact deemed necessary by him, the County Judge, to carry out the provisions of the laws of the state for the protection and correction of children.

The evidence, above referred to, was improperly admitted. It was evidence tending to impeach plaintiff's title to the office of probation officer; it was a collateral attack upon the validity of the appointment. The plaintiff, if not a *de jure* officer, as to which we express no opinion, was at least an officer *de facto*. Under the rule stated or followed in *Montezuma County v. Wheeler*, 39 Colo. 207, 89 Pac. 50, the question as to whether or not the plaintiff was rightfully appointed can not be determined in an action brought by her to recover salary. As said in *Pueblo County v. Gould*, 6 Colo. App. 44, 39 Pac. 895, "the presumption is conclusive in this case that all the conditions authorizing the appointment existed, and that it was made in exact conformity with the law." Plaintiff's title to the office can not be inquired into in a collateral proceeding. *Clear Creek County v. McLean*, 50 Colo. 602, 115 Pac. 525.

For the error above named, the judgment is reversed.
Reversed.

Chief Justice Garrigues and Mr. Justice Bailey concur.