## No. 11,715.

### ROBERTS, ET AL. *v.* PEOPLE EX REL. DUNCAN.

#### Decided April 11, 1927.

Action in mandamus. Judgment for plaintiff.

### *Affirmed.*

1. CIVIL SERVICE—*Statutes—Construction and Purpose.* The civil service amendment and act are to be liberally construed so as to accomplish their purpose, which is to promote efficiency in the civil service by appointing or employing those who upon examination have shown their qualifications for office or position.

2. *Temporary Appointment—Expiration.* A temporary appointment to office under civil service ceases on the date upon which the commission certifies to the appointing power a person for permanent appointment upon completion of an eligible list.

3. OFFICES AND OFFICERS—*De Jure and De Facto—Salary.* If there is a de jure officer and de facto officer during the same period and the de facto officer has received any salary during such period, the de jure officer may recover from the de facto officer the salary so received.

4.      *De Jure and De Facto—Salary.*  As between de jure and de facto officers, the former is entitled to the salary.

5.   QUO WARRANTO—*Title to Office.*  Quo warranto is the exclusive method by which to try title to public office.

6.   OFFICES AND OFFICERS—*Salary—Title.*  Plaintiff having surrendered his office before bringing an action to compel payment of his salary, defendant could raise the question of title to the office, quo warranto not being applicable.

7.      *Salary.*  A de facto officer performing the duties of an office is entitled to the salary as against every person except one having a better title, namely, an officer de jure.

8.   SOLDIERS' AND SAILORS' HOME—*Commander—Appointment—Civil Service.*  The civil service commission has no power to appoint a commander for the State Soldiers' and Sailors' Home, but only to certify an eligible for the position to the home commission which alone has power to appoint.

*Error to the District Court of the City and County of Denver, Hon. Wilbur M. Alter, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. CHARLES ROACH, Deputy, Mr. JEAN S. BREITENSTEIN, Assistant, for plaintiffs in error.

Mr. JAMES HENRY BROWN, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

BY mandamus, the defendant in error Duncan sought to compel the payment of salary claimed to be due him as commander of the Soldiers' and Sailors' Home. The trial court awarded him a peremptory writ. The plaintiffs in error seek a reversal of the judgment. The defendant in error Duncan will be referred to as the plaintiff, and the plaintiffs in error as the defendants.

The government of the home is vested in a commission. The commission has power to appoint the commander

of the home and fix his salary. C. L. sections 692, 698. On June 13, 1925, there was a vacancy in the office of commander, but there was no eligible list from which a permanent appointment could be made. The civil service commission, therefore, authorized the home commission to make a temporary or provisional appointment. The home commission thereupon temporarily or provisionally appointed the plaintiff, such appointment to take effect on June 16, on which date the plaintiff qualified and entered upon the duties of the office. On October 27 the civil service commission held a competitive examination (in which the plaintiff did not participate), and John F. Greene was ascertained to be "the most fit and of the highest excellence" in qualifications for the office of commander of the home, and was declared by the civil service commission to have received the highest rating. On November 9 the civil service commission notified the home commission that Greene was entitled to the permanent appointment to the office of commander, and that the provisional appointment of the plaintiff Duncan would cease and terminate on November 15. On the same day a similar notice was sent to the plaintiff Duncan. The home commission, however, did not appoint Greene until April 15, 1926, upon which date the plaintiff surrendered the office to Greene. From November 15, 1925, to April 15, 1926, the home commission issued and delivered to the plaintiff duly authenticated vouchers for salary, covering that period, but the state auditor refused to draw warrants therefor.

There are presented two principal questions: (1) Did the plaintiff's right to the office terminate on November 15, 1925? If it did not terminate then, but continued until April 15, 1926, the judgment should be affirmed. If it did terminate on November 15, it will be necessary for us to consider the second question, which is: (2) Has the plaintiff, who at one time was a de facto officer, the right to maintain, after having ceased to be such, a mandamus action to compel the payment of the salary cover-

ing the time he was discharging the duties of the office? If he has, the judgment should be affirmed; if he has not, the judgment should be reversed.

1. Section 13 of article XII of the Constitution requires all appointments to office in the classified civil service of the state to be made according to merit and fitness, which shall be ascertained by competitive tests; "the person ascertained to be the most fit and of the highest excellence to be first appointed." It also provides: "In cases of emergency or for employment of an essentially temporary character, the commission may authorize temporary employment without a competitive test. * * * The making and enforcement of rules to carry out the purposes of this amendment and of the laws enacted in pursuance hereof, * * * the conduct of all competitive tests, * * * the determination of standards of efficient service * * * shall be vested in the commission."

Substantially the same provisions are found in C. L. sections 128, 130 and 131. Rule VII, adopted by the civil service commission, is as follows: "Whenever there are urgent reasons for filling a vacancy for which no appropriate eligible list exists the Commission may authorize the appointing power to nominate a person who may be appointed provisionally. The Commission shall, as soon as practical, proceed to advertise and hold a competitive examination and upon completion of the eligible list the provisional appointment shall cease. * * * * "

The civil service amendment and act are liberally construed, so as to accomplish their purpose, which is to promote efficiency in the civil service by appointing or employing those only who, upon examination, have shown their qualification for the office or position. *Shinn v. People, ex rel.,* 59 Colo. 509, 149 Pac. 623. In *Wilson v. People, ex rel.,* 71 Colo. 456, 208 Pac. 479, the court said that, "The commission is authorized to make rules to carry out the purposes of the civil service amendment, and this includes the right to make rules with reference

to the tenure of provisional appointees." We hold that the plaintiff's temporary or provisional appointment ceased not later than November 15, 1925, and that thereafter until April 15, 1926, the plaintiff was merely an officer de facto. This brings us to the second question.

2. The plaintiff was a de facto officer between November 15, 1925, and April 15, 1926. If there was a de jure officer during that period, and if the plaintiff had received any salary during such period, the de jure officer could recover from the plaintiff the salary so received. In other words, as between a de jure officer and a de facto officer, the former is entitled to the salary. *Arnold v. Hilts,* 61 Colo. 8, 155 Pac. 315; *Drach v. Leckenby,* 64 Colo. 546, 172 Pac. 424, L. R. A. 1918 F, 576.; *Farr v. Neeley,* 66 Colo. 70, 179 Pac. 139. The present case differs in several particulars from other cases decided in this jurisdiction. In *Henderson v. Glynn,* 2 Colo. App. 303, 30 Pac. 265, one who at the time was a de facto officer brought a mandamus action to compel the payment of salary. The court held that a person who is in actual possession of an office, under election or commission, and exercising its duties under color of right, may maintain a mandamus action to compel the payment of salary, and that in such action his title to the office cannot be questioned. In *Pueblo County v. Gould,* 6 Colo. App. 44, 39 Pac. 895, a similar situation existed, only the action was not mandamus, but an ordinary action for salary. The court held that the plaintiff's title to the office could not be attacked in such action. *Montezuma County v. Wheeler,* 39 Colo. 207, 89 Pac. 50, is to the same effect. So also is *Clear Creek County v. McLean,* 50 Colo. 602, 115 Pac. 525. Where a person unlawfully holds or exercises a public office, the exclusive method by which to try his title to the office is provided in chapter 28 of the Code, a remedy commonly referred to as quo warranto. This is the reason assigned for the refusal of the courts to try title to office in mandamus actions. *Clear Creek County v. McLean,* 50 Colo. 602, 115 Pac. 525; *Pueblo*

*County v. Gould,* 6 Colo. App. 44, 39 Pac. 895. But in the present case, when the plaintiff brought this action he had surrendered possession of the office and was not discharging its duties; hence the remedy by quo warranto was not applicable. There is no reason why the defendants cannot raise in this action the question of the plaintiff's title. What was that title? During the period in question, the plaintiff was an officer de facto, and as such was entitled to the salary as against every person except one having a better title, namely, an officer de jure. But there was no officer de jure between November 15, 1925, and April 15, 1926. Greene was not appointed until the latter date. The plaintiff's temporary or provisional appointment terminated on November 15, but no one was appointed to succeed him as commander of the home. The civil service commission did not attempt to exercise the appointing power—a power it does not possess. It certified to the home commission—which alone has the power to appoint—the result of the competitive test, namely, that Greene had received the highest average at the examination. It thereupon became the duty of the home commission to appoint Greene to the office of commander of the home. It did not do so, however, until April 15, 1926, and no action was brought by Greene to compel the home commission to appoint him. As officer de facto, the plaintiff performed the duties of the office; there was no officer de jure to discharge those duties, no rival claiming the salary. The salary, therefore, belongs to the plaintiff.

The judgment of the district court is right and is affirmed.