## No. 11,948.

### BOARD OF COUNTY COMMISSIONERS OF MONTROSE COUNTY v. WHARTON.

Decided October 31, 1927.    Rehearing denied November 21, 1927.

Action by probation officer against county for salary. Judgment for plaintiff.

### Affirmed.

### On Application for Supersedeas.

1. OFFICES AND OFFICERS—*Title—Salary.*  Title to office cannot be tried in a suit brought to recover a salary..

2. QUO WARRANTO—*Purpose.*  Quo warranto under chapter 28 of the Code is the exclusive method by which to try title to public office.

3. OFFICES AND OFFICERS—*De jure and De facto.*  One appointed a probation officer held to be a de facto officer although the statutory mode of appointment may not have been followed.

4. *Clerk of County Court—Probation Officer.*  There is no statutory inhibition against one person holding the offices of clerk of the county court and probation officer.

5. *Two Salaries.*  Where an officer may and does hold two offices he is entitled to the compensation attached to each.

6. APPEAL AND ERROR—*Judgment—Reasons.*  If a judgment is right it will be sustained regardless of whether or not the reviewing court agrees with the reasons given therefor by the trial court.

### On Rehearing.

7. *Different Theory on Review.*  As a general rule a case cannot be tried on review upon a different theory than that advanced in the trial court.

8. *Questions to be Determined.*  On review, only questions at issue or relevant to the issues, should be considered.

*Error to the District Court of Montrose County, Hon. George W. Bruce, Judge.*

Mr. John L. Stivers, for plaintiff in error.

Messrs. Moynihan, Hughes and Knous, for defendant in error.

*En Banc.*

Mr. Justice Adams delivered the opinion of the court.

Mildred Wharton, defendant in error, presented to the board of county commissioners of Montrose county a verified claim for salary as probation officer for the month of January, 1927, bearing the O. K. of the county judge of that county. The board disallowed the claim and claimant appealed to the district court, where the case was thereupon tried and judgment rendered against the commissioners. They bring the case here and ask for a supersedeas.

Mrs. Wharton was appointed probation officer by the county judge of Montrose county; she did the work and is personally qualified. A salary of $50 per month had been fixed by the judge and commissioners and paid to a former probation officer for about two years, whom the judge discharged just before he appointed Mrs. Wharton. The commissioners did not approve of Mrs. Wharton's appointment when made, though she claims, and the judge corroborates her, that the judge and commissioners had previously agreed that the salary should be $50 per month for a probation officer, and that the judge would be permitted to make his own selection of the person to fill the office, to serve at his pleasure. This is denied by the board. Mrs. Wharton is the only person that performed the duties of the office during the time in question; the former appointee makes no claim, and it is not asserted that Mrs. Wharton's tenure of office extends

beyond that of the county judge, who entered the court order appointing her.

1. The ground of the board's objection to the allowance of the bill is that it did not approve of claimant's appointment as probation officer, and that therefore she is not entitled to the salary. Montrose is a county with a population of 25,000 or less, and the objection is based upon the following statute: "In counties of twenty-five thousand population, or less, the county judge, if deemed necessary by him to carry out the provisions mentioned in section 1, is authorized with the approval of the board of county commissioners to appoint not to exceed one such probation officer at a compensation not to exceed one thousand two hundred dollars per year. * * *" C. L. 1921, § 663.

See 22 R. C. L. § 84, p. 433, 29 Cyc. 1372, and 23 A. & E. Ency. Law, (2nd Ed.) p. 346. Section 1, referred to in § 663 above, is the same as C. L. 1921, § 662.

The question of the necessity of the board's approval of the appointment of a probation officer in counties classified like Montrose is not without its serious aspects, but this is not the place to raise it, and so we cannot pass upon it here. Title to office cannot be tried in a suit brought to recover a salary. *Roberts v. People,* 81 Colo. 338, 255 Pac. 461; *Pueblo County v. Gould,* 6 Colo. App. 44, 39 Pac. 895; *Montezuma County v. Wheeler,* 39 Colo. 207, 89 Pac. 50; *Clear Creek County v. McLean,* 50 Colo. 602, 115 Pac. 525. As said in *Roberts v. People,* supra, where a person unlawfully holds or exercises a public office, the exclusive method by which to try his title to the office is by quo warranto under chapter 28 of the Code. Questions similar to that raised here—i. e., defects claimed in the manner of the officers' appointments—were raised in the above cases, but the services having been rendered, compensation was allowed. Mrs. Wharton is at least a de facto officer. The office being de jure, one appointed to it is a de facto officer, though the statutory

mode of appointment may not have been followed. *Brown v. People,* 11 Colo. 109, 110, 17 Pac. 104.

2. It is argued that Mrs. Wharton's duties as clerk of the county court are inconsistent with her work as probation officer, and that therefore she cannot hold both positions.  We cannot say that they are necessarily incompatible.  They might well go together, if the incumbent has the time, as the county judge appears to believe that she has.  There is no statutory inhibition against holding the two offices.  The county judge himself may act as the clerk of the same court, if he so desires.  (C. L. 1921, § 5802.)  So may the clerk of the county court act as probation officer in Montrose county.  And where an officer may, and does, hold two offices, he is entitled to the compensation attached to each.  *Lindsley v. Denver,* 64 Colo. 444, 453, 172 Pac. 707, and many cases there cited.

3. We have not altogether followed the reasoning of the trial court, but if the judgment was right, we must sustain it, whether we agree with such reasons or not. We conclude that it is right.  We should be compelled to set aside our accustomed practice and former decisions if we determined otherwise.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE CAMPBELL not participating.

### On Rehearing.

MR. JUSTICE ADAMS.

The public character of the case, in a sense, and the misunderstanding that it seems to have engendered, is such that we shall add somewhat to our remarks in the opinion.

The only issue is this: Does Montrose county owe Mildred Wharton $50?  We have held that it does.  A mere glance at the verified claim for salary, filed with the board

of county commissioners, disallowed by them and appealed to the district court, which was the whole basis of the action, ought to be enough to convince anyone that such is the sole issue.

We were not satisfied with the briefs, even upon the mistaken theory of the law argued, in consequence of which we were compelled to devote much time to independent research. The importance of the principle is not dwarfed by the small amount involved.

The only new point suggested in the petition for rehearing that is worthy of special comment is the proposition that a case cannot be tried on appeal upon a different theory from that adopted in the trial court, meaning by this that we ought to say whether or not Mrs. Wharton is entitled to the office. Counsel has correctly stated the general rule, but is wrong in its application, for if such a theory is merely a roundabout way of drawing out the court's views on a point not necessary to the decision of the case, it requires our consent to engage in such discussion, and here it fails of our endorsement. We aim to confine ourselves to questions at issue or relevant to the issue.

Mr. Justice Denison stated the matter clearly in *People ex rel. v. District Court,* 78 Colo. 526, 530, 242 Pac. 997, quoting from the Supreme Court of the United States, and giving other citations. It is there said: (p. 530) " 'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not    *    *    * to declare principles or rules of law which cannot affect the matter in issue in the case before it.' [Citing cases] That we have sometimes done such things when we were asked, and that we too often say more than necessary does not justify us in deliberately repeating the offense." It has been said over and again that courts are not called upon to determine abstract questions of law, but only those that affect the case. Even if it should be determined here that Mrs. Wharton is not entitled to

the position as a de jure officer, nevertheless, to put such judgment into effect, if she should decline to abdicate, it is manifest that a writ of ouster would not lie in an appeal to the district court, from the disallowance of a claim by the board of county commissioners. In other words, the pronouncement that we are now asked to make would be futile in this proceeding. It is quite unnecessary to pass upon it in determining the mere fact of whether or not the county owes the debt. It may be argued that it would be helpful in another case. This may be true, in quo warranto, for instance, but we should not prejudge such case before it is brought.

We regret that counsel for plaintiff in error has misinterpreted the words of our opinion. In saying that Mrs. Wharton "claimed" certain things, we did not mean that she testified to them. We often speak of what a party to a suit claims, testified to by some one else. It was used in this sense here. Our statement that "The former appointee makes no claim," though doubtless unimportant in this action, was justified by the absence of any evidence to such effect. We endeavor to speak only from the record; what it does not show is often as significant as that which it recites. Our conclusion that Mrs. Wharton is the only person that performed the duties of the office during the time in question was reached from testimony at folios 29, 30, 31 and 45 of the record, and from the remarks of the trial court. These matters combined gave us our impression. We do not understand that we are wrong about it.

Our conclusion is that the money judgment is correct, and that the other matters that counsel desire us to pass upon, must be raised, if at all, in a proceeding brought for the purpose. We have considered all of the points raised, and find no reversible error. The petition for rehearing must therefore be denied.