## No. 12,955.

BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY *v.*
MADAN.
(5 P. [2d] 866)

Decided November 16, 1931.

Mr. J. M. TAYLOR, for plaintiff in error.

Messrs. ENOS, HEALY & CHISHOLM, for defendant in error.

*In Department.*

Mʀ. Cʜɪᴇꜰ Jᴜsᴛɪᴄᴇ Aᴅᴀᴍs delivered the opinion of the court.

Tʜᴇ board of county commissioners of Douglas county, by a vote of two to one, disallowed the verified claim of Madan for salary as deputy county clerk. He appealed to the district court under the provisions of sections 8702 and 8703, C. L. 1921; the case was tried to the court and his claim allowed. The board brings error and asks for a supersedeas.

The essential facts are undisputed. Madan is persona non grata to the majority of the board, but is highly acceptable to his chief, Arch Curtis, the county clerk; hence the dispute. Madan's claim for salary, as rejected by the board and as thereafter approved by the court, was at the rate of one hundred dollars per month. It covers the period from January 13, 1931, to March 31, 1931, but we go back of these dates for better understanding. Curtis was county clerk for six years prior to January 13, 1931, was again reelected, and is now serving his present term which began on the date last mentioned. Madan was deputy county clerk under Curtis for about four years immediately preceding the present term. His salary as such deputy was the same as that which he now claims and which the court allowed.

On January 13, 1931, Curtis reappointed Madan as deputy for one year at the same salary, and filed such written appointment with the board. The appointee accepted, took the oath, gave bond, went to work and continued as theretofore in the performance of his official duties. The board, by resolution of record, promptly rejected the appointment and by other like resolutions disallowed Madan's claim for compensation. Notwithstanding this, the commissioners, from time to time, approved numerous verified bills of various persons against the county, sworn to before Madan as deputy county clerk. These and other acts are claimed by the latter as a ratification of his employment and acceptance of the benefits

12

of his services. The board makes no complaint against Madan for anything done or omitted by him during the time for which he claims compensation. The value of his services, corresponding to the amount of his claim as allowed, was proven.

The office of deputy county clerk is statutory. Section 7940, C. L. 1921, reads: "Deputies and assistants may be employed by county clerks, * * * and their compensation and time of service shall be fixed by the official appointing them, with the approval of the board of county commissioners."

Counsel for the board argues that Madan is not a de jure officer under the above section because of its failure to ratify, and express disavowal of his employment. But he is at least a de facto officer, though the statutory method of appointment may not have been followed. *Board of County Commissioners v. Wharton*, 82 Colo. 466, 468, 469, 261 Pac. 4; *Brown v. People*, 11 Colo. 109, 110, 17 Pac. 104; *Butler v. Philips*, 38 Colo. 378, 381, 88 Pac. 480, 12 Ann. Cas. 204.

It does not appear that any one but Madan asserts claim to the office or emoluments, and since he is at least a de facto officer, it is immaterial whether he is de jure deputy county clerk. As a de facto officer, he is entitled to the compensation allowed. *Commissioners v. Wharton, supra; Roberts v. People*, 81 Colo. 338, 343, 255 Pac. 461. These decisions, following ample precedent, are also authority for the proposition that in an action for salary by one exercising public duties under color of right, his title to the office cannot be questioned. We reapply the same rule.

Counsel for the commissioners in his brief gives as a reason for their tacit recognition of the claimant's official acts, that to have done otherwise would have unduly hampered the business of the county. Such may have well been their reason, but aside from the question of ratification, we shall state it in another way. Public business must be carried on without interruption and its

interests are paramount to the question as to whether the commissioners or county clerk shall dominate the situation. Legitimate work calls for pay and it would be deplorable to allow the public to suffer on account of the inability of the commissioners and county clerk to compose their differences. Similar principles underly our former decisions. Since they are decisive of the present controversy, it is unnecessary to discuss other points raised.

Judgment affirmed.

MR. JUSTICE BUTLER, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.