## No. 13,142.

BOARD OF COUNTY COMMISSIONERS OF WASHINGTON COUNTY
*v.* DAVIS.
(30 P. [2d] 266)

Decided February 13, 1934.

Mr. FRANK D. ALLEN, for plaintiff in error.

Messrs. PELTON & CHUTKOW, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

WHILE there were no pleadings in the trial court, the defendant in error appeared in the role of plaintiff and we will so refer to her in this opinion, and to plaintiff in error as the board.

The proceedings in this case were had under section 8702 and 8703 of the Compiled Laws of 1921, which are as follows:

Section 8702. ''When any claim of any person against a county shall be disallowed, in whole or in part, by the board of commissioners, such person may appeal from

the decision of such board to the district court for the same county, by causing a written notice of such appeal to be served on the clerk of such board within thirty days after the making of such decision, and executing a bond to such county, with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant.''

Section 8703. ''The clerk of the board, upon such appeal being taken, shall immediately give notice thereof to the chairman of the board of county commissioners and shall make out a brief return of the proceedings in the case before the board, with their decision thereon; and shall file the same, together with the bond, and all papers in the case in his possession, with the clerk of the district court. Such appeal shall be docketed and tried in a summary manner, the same as in appeal cases from justice courts to county courts, and costs shall be awarded in like manner; * * *.''

As provided by the statutes above quoted, plaintiff appealed from an adverse decision of the board of county commissioners on her claim against the county to the district court, and the amount of the claim being less than $300, no pleadings were filed. To the return of the transcript of all the proceedings had before the board, plaintiff filed a demurrer which was overruled, and immediately thereafter her motion for a judgment on the pleadings was sustained and judgment entered in her favor for the full amount of her claim. The board seeks a reversal of that judgment.

It appears from the transcript of proceedings herein, that on May 5, 1931, Burel Davis was the assessor of Washington county, Colorado, and, claiming that the board had refused and neglected to give him necessary authority for the employment and pay of deputies or assistants sufficient to properly assess the property of the county for taxation purposes, and having appealed

to the Colorado tax commission as provided by section 8820 of the Compiled Laws of 1921, and having the order of said tax commission directing the employment of an additional deputy or assistant at a salary of $100 per month, said salary to be paid out of the county treasury, did employ plaintiff as a second deputy or assistant at said salary to begin work immediately, and so notified the board on that date. On May 6, 1931, the board notified the assessor of their refusal to pay the salary or to comply with the order of the tax commission until a proper hearing could be had on the matter by the district court.

Plaintiff began her duties and rendered an account for salary from May 14 to June 1, in the sum of $50, and filed same which was disallowed by the board, whereupon, on the 8th of June, plaintiff notified the board of her election to appeal to the district court from the decision of the board disallowing the claim and filed her bond as provided by law.

The following notice and order fully disclose the actions of the board as well as the grounds on which the plaintiff bases her claim.

Akron, Colorado.<br>May 6th, 1931.

"Mr. Burel Davis,
 County Assessor,
 Akron, Colorado.
"Dear Sir:

"The Board has read your letter of May 5th, 1931, which reads as follows:

'Hon. Board of Commissioners:

'Acting upon an order received from the Colorado State Tax Commission, I am hiring a second deputy at a salary of $100.00 to begin work immediately.

Very truly yours,<br>Burel Davis,<br>Assessor, Washington County.'

"The matter has been considered in regular meeting and we desire to advise you that the Board feels that you should cooperate with the other Officers in the County in seeing that the expenses of the offices are reduced.

"Inasmuch as you have handled the work of this office for the past four years with one deputy and since the work has not increased but if anything has decreased, we feel that it will be impossible for the Board to allow pay for another deputy in your office at any salary whatsoever.

"This will notify you that the County Commissioners will refuse to pay the salary of any such deputy or to comply with any order of the Colorado State Tax Commission until proper hearing has been had on the matter by the District Court.

"Very truly yours,

"A. Mitchell, Chairman of the Board."

"May 1, 1931.

"Order

In the Matter of Deputy Assessors
and Assistants in Washington County.

"Whereas it appears that the Board of County Commissioners of Washington County have refused and neglected and do continue to refuse and neglect to give necessary authority for the employment and pay of Deputies and Assistants to the County Assessor of said county sufficient to properly and efficiently assess the property of said county for taxation purposes; and

"Whereas the Assessor of said County has, under Section 8820, 'Compiled Laws of Colorado 1921,' appealed to this Commission for an Order upon said county and its Board for relief; and

"Whereas this Commission has determined that the employment of one Deputy at a salary of $110.00 is not sufficient to properly assess said county so that all the property therein may be placed upon the tax rolls, and

the Abstract thereof be returned to this Commission within the period fixed by statutes; and

"Whereas this Commission has determined that another Deputy or Assistant is required to properly perform said work;

"It is therefore ordered and decreed: that the said County Board and the said Assessor shall employ forthwith an additional Deputy or Assistant at a salary of not less than $100 per month for such time as the Assessor may deem necessary and which said employment and compensation shall be in addition to the employment of the first Deputy and Assistant at a salary of not less than $110 a month; and that both salaries as herein determined shall be paid out of the county treasury.

"By order of the Colorado Tax Commission.

"By E. B. Morgan, Chairman.

"Attest: James A. Savage, Secretary."

Section 8820 of the Compiled Laws of 1921, is as follows: "In case the county commissioners in any county refuse or neglect to give necessary authority for the employment and pay of deputies and assistants as provided by law, the county assessor in such case may appeal to the Colorado tax commission, in which event the commission shall have authority to determine all questions pertaining to the appointment of deputy assessors and assistants in such county and their compensation, which said compensation, as determined by the said Colorado tax commission, shall be paid out of the county treasury."

Section 7940 of the Compiled Laws of 1921 is as follows: "Deputies and assistants may be employed by county clerks, county treasurers, county assessors and county superintendents of schools, and their compensation and time of service shall be fixed by the official appointing them, with the approval of the board of county commissioners."

According to the letter herein set forth filed by the

board, the position of the board was to the effect that there was no need for such a deputy or assistant. Counsel for plaintiff states that the board took the position at the trial that the Colorado tax commission had no power to make such appointment and that the statute under which it acted was invalid and unconstitutional.

The board contends: (1) That section 8820, under which the tax commission acted in this case has been superseded by section 7940; (2) that the action of the tax commission is void because said section 8820 is unconstitutional in that it attempts to delegate judicial power to the Colorado tax commission; (3) that the action of the tax commission is unconstitutional, in that judgment was entered against the board without due process of law. Counsel for the board contends that there was no approval by the board of the appointment of this deputy and that without such approval the appointment is contrary to section 7940.

The board's first contention does not require lengthy discussion. A first reading of section 8820 and section 7940 discloses no such inconsistency between the statutes as is necessary to effect a repeal by implication. If it was necessary to consider the matter of repeal by implication, such would be done in the light of disfavor, but where the case is so clear that the statutes are consistent, and each section may exist without invading the purpose of the other, then we need proceed no further.

Section 7940 is a general statute providing for and regulating the appointment of deputy county officials. Section 8820 is a special statute relating to the appointment of deputy assessors under certain conditions. Section 7940 was enacted in 1919, and section 8820 was enacted in 1913. A later general statute will not repeal by implication an earlier special statute if the two statutes are not inconsistent and can be read together. *People v. Commissioners*, 86 Colo. 249, 281 Pac. 117.

It is clear from the reading of section 8820 that it was enacted to meet a situation precisely as is claimed

to exist here, namely, a refusal by the county commissioners to give authority for the employment and pay of needed deputies or assistants in the assessor's office. If ample provision for such deputies or assistants, as provided by section 7940, has been made, then section 8820 is a dormant statute and there is no occasion for its being invoked, but it must be said that there existed in the minds of the Legislators, a need for section 8820 to meet the requirements of occasions similar to the one at bar. Section 8820 cannot lawfully be invoked unless and until a disagreement has arisen under section 7940; therefore, we have section 8820 as an unrepealed authority for the action of the Colorado tax commission in this case.

 If there was merit to the second contention that the statute delegated judicial power to the commission, then executive and administrative bodies would be stripped of their appointing power. Counsel argues that before the tax commission could authorize the appointment of plaintiff, they would first be required to determine whether or not the board had refused or neglected to give its authority for the employment. If such was required, there is no prescribed method of ascertaining the refusal or neglect of the board by the commission. The fact that it made such a determination is disclosed by the finding and order of the commission in this case, and according to the well settled rule, the presumption is in favor of the act of the tax commission and that it was proper unless otherwise shown. "Not every act that involves the ascertainment of a fact is a judicial act, * * *." *Merwin v. Boulder County,* 29 Colo. 169, 174, 67 Pac. 285. In this connection, we hold that the ascertainment of a fact with respect to the making of an appointment to an office is an executive function and not a judicial act.

 As to the third contention, we find that all that may be lost to the board in this case is the privilege of a hearing concerning the exercise of the power of appointment. Such a loss does not come within the due process

clause of the Constitution, ''That no person shall be deprived of life, liberty or property, without due process of law.'' We do not find that the board has the right, under the circumstances of this case, to be heard. ''The legislature, without violation of the guaranty of due process of law, may prescribe the qualifications of public officers, the method of their election or appointment, and their powers and duties.'' 12 C. J. 1200, §967.

The judgment of the trial court was right and is affirmed.

MR. CHIEF JUSTICE ADAMS concurs in the conclusion.

MR. JUSTICE BUTLER specially concurs.

MR. JUSTICE BUTLER, concurring.

I concur in the affirmance of the judgment, but for reasons other than those stated in the majority opinion.

The office of deputy assessor is a legally existing public office created by statute. C. L. §§7940, 7921, 8818. There is a well-recognized distinction between a deputy and an assistant. The former must be a qualified elector, take the oath of office and give bond to the assessor (C. L. §8818), whereas the latter need not be a qualified elector and is not required to take the oath of office or to give bond. A deputy assessor performs duties requiring the exercise of discretion; not so an assistant. Section 8818 (an early enactment) provided for the division of counties by the board of county commissioners into assessment districts and the appointment by the assessor of a deputy in each district. At that time there was no provision for the employment of mere clerical assistants. Such was the situation when the case of *Roberts v. People,* 9 Colo. 458, 13 Pac. 630, came before the court. The board had neglected to divide the county into assessment districts, and therefore there were no deputies. Unable to do all the work himself, the assessor employed clerical assistants to aid him by footing up the assessment rolls, making copies and doing other writing and clerical

work necessary to complete the assessment. The question was whether the salaries of those assistants constituted a proper charge against the county. It was held that they did. That decision was rendered in 1886. In 1891 the Legislature, put a check upon the assessor's power to employ assistants, as well as upon his power to employ deputies, by requiring such appointments to be made "under the direction of the board of county commissioners." R. S. 1908, §2580. No division of counties into assessment districts is required. That section, as amended, appears in the Compiled Laws as section 7940. It is as follows: "Deputies and assistants may be employed by *county clerks,* county treasurers, *county assessors* and county superintendents of schools, and their compensation and time of service shall be fixed by the official appointing them, with the approval of the board of county commissioners."

The case of *Board of County Commissioners v. Madan,* 90 Colo. 10, 5 P. (2d) 866, definitely fixes the status of the deputies mentioned in that section. The provision with reference to deputies includes deputies appointed by county clerks as well as those appointed by county assessors. In the Madan case we held that the office of deputy county clerk is a statutory office by virtue of section 7940. The statute makes no distinction between the two and there is none.

In the performance of his duties an assessor may need a deputy or a mere assistant, or both. In the present case the assessor sought authority to employ, not an assistant, but a deputy. The board refused to give the authority. Upon appeal, the tax commission gave him, or attempted to give him, the desired authority. The order was expressed in words that conferred ample authority to employ either a deputy or an assistant. Of course, a deputy may not only perform his official duties but also render assistance in other ways. Acting under the authority thus conferred, or attempted to be conferred, the

assessor appointed Julia Davis, not his assistant, but his *deputy.*

Under color of appointment, Julia Davis performed the duties of the office of deputy assessor, and therefore, if not a de jure officer, as to which I express no opinion, she was at least an officer de facto. In the Madan case, supra, the county clerk, acting pursuant to section 7940, supra, appointed Madan his deputy. The board of county commissioners rejected the appointment, but Madan performed the duties of deputy. We held that he was at least an officer de facto, and therefore entitled to his salary. And see *Butler v. Phillips,* 38 Colo. 378, 88 Pac. 480; *Board of County Commissioners v. Wheeler,* 39 Colo. 207, 89 Pac. 50; *Board of County Commissioners v. McLean,* 50 Colo. 602, 115 Pac. 525; *Haynes v. Board of County Commissioners,* 66 Colo. 397, 182 Pac. 896; *Roberts v. People,* 81 Colo. 338, 255 Pac. 461; *Board of County Commissioners v. Wharton,* 82 Colo. 466, 261 Pac. 4; *Henderson v. Glynn,* 2 Colo. App. 303, 30 Pac. 265; *Board of County Commissioners v. Gould,* 6 Colo. App. 44, 39 Pac. 895.

As an officer de facto, Julia Davis was entitled to recover her salary from the county. In this proceeding, which was brought to recover the salary, the county commissioners are not entitled to question the legality of her appointment to the office. Quo Warranto is the exclusive method by which to try title to public office. See cases cited above.

For the reasons stated above, I believe that the judgment of the district court is right and that its affirmance is proper.