E. W. CLARK, Appellee, v. C. B. MURTAGH, Comptroller, Appellant.

No. 42333.

APRIL 3, 1934.

Edward L. O'Connor, Attorney-general, and L. W. Powers, Special Assistant Attorney-general, for appellant.

Senneff, Bliss & Senneff, and Addison M. Parker, for appellee.

CLAUSSEN, C. J.—E. W. Clark, appellee herein, was elected to the state Senate at the election held in the fall of 1928, for a four-year term to begin in 1929. He duly qualified for the office. He served during the sessions of the Forty-third and Forty-fourth

General Assemblies. The term for which he was elected expired early in January, 1933. He did not resign the office. Code, section 8605, required the Governor, within sixty days following the organization of the general assembly in the year 1931, to appoint, with the approval of two-thirds of the members of the senate, a commissioner of insurance, for a four-year term to commence on the next July 1st. On January 21, 1931, the Governor sent a communication to the senate, the pertinent part of which is as follows:

"In accordance with the provisions of 8605, Chapter 395 of the Code 1927, I hereby nominate Honorable E. W. Clark, of Mason City, Cerro Gordo Co., for the office of Commissioner of Insurance for the period of four years ending June 30, 1935, and submit to you said nomination for your consideration and consent."

The senate's action on this communication is shown by this senate journal entry:

"On motion and roll call the Senate confirmed the appointment of Honorable E. W. Clark, of Mason City, Cerro Gordo County to the office of Commissioner of Insurance for the term of four years ending June 30, 1935."

Clark's bond was executed under date of February 19, 1931. He subscribed his oath of office on June 12, 1931, and his bond was approved June 22, 1931. On June 22, 1931, a commission signed by the Governor, attested by the secretary of state, and bearing the great seal of the state, was issued to Clark, the pertinent parts of which are:

"Whereas, E. W. Clark of the County of Cerro Gordo, has been appointed Commissioner of Insurance for the Term of four years, in accordance with the provisions of Chapter 395, Code of 1927.

"And whereas; the said E. W. Clark has qualified as required by law. Therefore, Know Ye, That in pursuance of law, I, Dan W. Turner, Governor of the State of Iowa * * * do hereby commission the said E. W. Clark to said office * * * the commission taking effect on the first day of July, A. D. 1931."

Clark entered into possession of the office of commissioner of insurance on July 1, 1931, and has discharged the duties of the office since said date and at all times material herein. The general appropriation bill for the biennial period was adopted during the

1931 session of the general assembly and was approved April 30, 1931. It carried an increase in the salary of commissioner of insurance. The regular session of the general assembly ended on April 15, 1931.

Clark performed the duties of commissioner of insurance from August 1 to August 15, 1933. The defendant comptroller refused to issue a salary warrant to Clark for this period of time, and on August 18, 1933, this action was brought to compel the issue of such warrant by writ of mandamus.

It is sufficient to say that the defendant comptroller pleaded that, by reason of the following provision of the State Constitution:

"No senator or representative shall, during the time for which he shall have been elected, be appointed to any civil office of profit under this State, which shall have been created, or the emoluments of which shall have been increased during such term, except such offices as may be filled by elections by the people", and the increase in salary made during Clark's term as senator, Clark was ineligible to appointment to the office of commissioner of insurance and consequently was not commissioner of insurance and was not entitled to pay. Speaking generally, again, it may be said that such allegations were assailed by Clark by motion, and that Clark objected to the competency, relevancy, and materiality of the facts establishing such pleaded facts.

At the conclusion of the trial the lower court directed that a writ of mandamus issue as prayed and from such judgment this appeal is prosecuted.

The burden of appellant's argument in this court is directed against the eligibility of Clark to the office. Appellee strenuously insists that he was eligible to the office, but with this question we are not concerned in this mandamus proceeding, and upon it we express no conclusion.

Generally speaking, title to office can only be tested by proceedings in the nature of quo warranto. 51 C. J. 313, section 8; 35 C. J. 704, section 290. Recently, in State ex rel. Adams v. Murray, 217 Iowa 1091, 252 N. W. 556, Mr. Justice Mitchell wrote:

"It is too well settled to need any citation of authority, that quo warranto is a civil action by ordinary proceedings and is the only remedy available to determine the right to a public office."

The validity of the appointment of Clark can only be questioned in the name of the state, in quo warranto, in accordance with the provisions of ·Chapter 531 of the Code. Until Clark's right and title to the office is thus successfully assailed, he is commissioner of insurance and is entitled to exercise the functions of the office and to receive the salary attached to it.

It is recognized that title to office cannot be tried in an action in mandamus to compel the issue of salary warrants, where the facts are comparable with the ones in the case before us. In the case of State ex rel. Weeks v. Gamble, 13 Fla. 9, Mr. Justice Hart says:

"In the matter of the application of Edmund C. Weeks for mandamus to the Comptroller for his salary as Lieutenant-Governor, the Comptroller answers, in substance, that Weeks is not such officer, and that the Governor had no authority to grant the commission; that another man claimed salary for the same office, and that the Senate, at the recent session of the Legislature, refused to recognize Mr. Weeks as its presiding officer.

"Here is a conflict by a subordinate officer of the executive department against the action of its head, the Governor, who granted this commission. This application for mandamus is not, in my judgment, the proper legal proceeding provided in the system of government for ascertaining by what authority the holder of the commission claims the office. In this way, the Comptroller by refusing to act upon the quarterly requisitions by the officers for their salaries, might claim authority independent of the head of the department to which he belongs, or even of any other department, to decide and determine such questions. There is no such authority vested in that officer.

"If any person desires to have such questions legally decided, the regularly established mode of doing so is always open to him. An attempt to procure the decision of such questions by setting them up outside of his department, and collaterally, tends to involve legal proceedings—correct legal remedies—in confusion and uncertainty, to the detriment of consistency in the administration of the law.

"When the Hon. David S. Walker was Governor, he appointed a Comptroller. A committee of one branch of the Legislature was sent to inquire of him by what authority the appointee claimed the office. This was not the method provided by law for testing the matter, and the Governor correctly enough answered that he claimed

it by authority of a commission which he had granted to him. The committee reported, and the matter ended there.

"If the appointee was not legally appointed; if the Governor exceeded his authority, and violated the law in making the appointment, there was a mode provided by law for having it enquired into, and the claimant ousted. If questions of this kind are allowed to be tested in the manner attempted in this case, insubordination and confusion might follow, to the great embarrassment of government. A decision tending to oblige the Governor to obtain the opinion of the Comptroller upon the legality or illegality of an appointment by his commission before he could make it to be useful, could not be in harmony with the system of government established by the Constitution.

"All the official acts of the Governor should be considered legal, respected and obeyed, until decided by the constitutional tribunal to be illegal.

"The answer, that another man claimed salary for the same office and that the Senate refused to allow Mr. Weeks to preside over it, sets up matter that might perhaps embarrass the minds of some Comptrollers; but this is not the tribunal for that officer to bring his doubts to in this manner for solution, since he cannot thus do so without conflict with and wholly ignoring the Governor of the State, the head of the department to which he belongs, and who is responsible for the faithful execution of the laws.

"In my judgment, therefore, the enquiry into the legal authority of the Governor to grant the commission exhibited, and into the legality of the action of the Senate, and of Mr. Gleason's application for salary, ought not to be made in this case. That the reasons given by the Comptroller for his refusal to act upon the applicant's claim for salary, are in their nature collateral to the proper issue, irrelevant and insufficient; and that the peremptory writ should issue."

In Turner v. Melony, 13 Cal. 621, Mr. Justice Baldwin says:

"The Respondent having been inducted into office, and his commission showing him entitled to it from the first day of January last, as Judge of the District Court, is entitled to the salary annexed to the office from that time.

"The question of his eligibility cannot be tried on mandamus."

In Castleman v. Williams (Tex. Civ. App.) 263 S. W. 638, it is said:

"The propositions are: (1) Appellee was ineligible to fill the office because he had not resided in the precinct six months prior to the date of his appointment; (2) therefore, he became a de facto officer by virtue of the appointment.

"These are correct propositions of law under the facts of this case. (Citing cases.) These things being so, appellant says by his third and fourth propositions that:

" '(3) A de facto officer has no legal right to the emoluments because the emoluments are incident to the title, and not to the exercise and occupation thereof. * * * '

"The answer to this is: This is a collateral attack upon the right of appellee to hold the office. (Citing authority.) He had met the burden of proof to the effect that the office had been regularly created and that he had been duly appointed and qualified by giving bond and taking the oath."

In Haynes v. Board of Commissioners of Kit Carson county, 66 Colo. 397, 182 P. 896, it is said:

"The evidence, above referred to, was improperly admitted. It was evidence tending to impeach plaintiff's title to the office of probation officer; it was a collateral attack upon the validity of the appointment. The plaintiff, if not a de jure officer, as to which we express no opinion, was at least an officer de facto under the rule stated or followed in Montezuma County v. Wheeler, 39 Colo. 207, 89 P. 50, the question as to whether or not the plaintiff was rightfully appointed cannot be determined in an action brought by her to recover salary. As said in Pueblo County v. Gould, 6 Colo. App. 44, 39 P. 895:

" 'The presumption is conclusive in this case that all the conditions authorizing the appointment existed, and that it was made in exact conformity with the law.'

"Plaintiff's title to the office cannot be inquired into in a collateral proceeding."

See, also, 46 C. J. 1006, section 213.

The availability of the defense pleaded by the comptroller was questioned by motion and the admitted facts were objected to upon the trial of the case. We do not have a situation in which the parties have by common consent tried the issue in the mandamus proceedings. In this view of the law and under the record before

us, the pleaded defense was not available in this action. The facts essential to plaintiff's cause have been pleaded and established. We express no opinion on the merits of the pleaded defense. The judgment of the trial court is affirmed.—Affirmed.

EVANS, STEVENS, ALBERT, KINDIG, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.